UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSCH BLACKWELL LLP,<br><br>Defendant. | Case No.: 2:24-cv-00672-LA<br><br><br><br><br><br>Date: September 6, 2024<br>Time: 9:30 a.m. CT<br>Courtroom: Zoom<br>Judge: Lynn Adelman |

### RULE 26(f) JOINT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order (Dkt No. 9) issued July 26, 2024, Plaintiff Mahlon Oie and Defendant Husch Blackwell LLP. ("Defendant" or "Husch") file the following 26(f) Report for the scheduling conference scheduled on September 6, 2024 at 9:30 a.m. CT through the Court's conference line:

1. **NATURE OF THE CASE:**
   **Plaintiff:**

   This action was filed on May 30, 2024, and is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") in an attempt by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff. Specifically, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt in violation of the FDCPA by overshadowing, misrepresenting, misleading, and deceiving Plaintiff regarding Plaintiff's consumer rights under the FDCPA. Specifically, on or around February 1, 2024, Defendant sent a letter to Plaintiff in an attempt to collect the alleged debt, (the "Collection Letter") and it gave Plaintiff until February 11, 2024, dispute the alleged debt despite "Federal law gives [Plaintiff] days after [Plaintiff] receives [the Collection Letter] to dispute the validity of the debt or any part of it." As a result of Defendant's unfair, deceptive, misleading, false, abusive and oppressive conduct in connection with its debt collection activities, Plaintiff, and each consumer that received Defendant's similarly worded collection notice, suffered an invasion of a legally protected interest under the FDCPA by being deceived by Defendant about their consumer rights specifically protected by the FDCPA, and other consumer laws.

1

**Defendant**: Plaintiff purports to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Plaintiff fell behind in payments owed on the debt to original creditor "The Sunset Homes Association Inc." Then, prior to February 1, 2024, Defendant was engaged to assist with the financial obligation owed by Plaintiff to original creditor "The Sunset Homes Association Inc." Defendant sent a letter to Plaintiff on or about February 1, 2024 that is the subject of this lawsuit. Plaintiff claims he is entitled to a statutory penalty and suffered "actual damages" in that "Plaintiff was affected personally" and that Defendant's acts "caused Plaintiff confusion, mental anguish, anxiousness, stress, fear, lost sleep, feelings of despair, and emotional distress, which has in turn affected Plaintiff's personal life and well-being." Defendant specifically denies that it violated the FDCPA or any other law. Defendant denies that class treatment is appropriate in this action because the damages that Plaintiff alleges to establish Article III standing cannot support class certification, because Plaintiff lacks Article III standing to pursue the matter, because each putative classmember does not have Article III standing and because Plaintiff's purported class lacks numerosity due to the small number of The Sunset Homes Association Inc. members who were sent letters by Defendant.

2. **RELATED CASES:**
   **Plaintiff:** At this time, Plaintiff is not aware of any related cases.

   **Defendant**: At this time, Defendant is not aware of any related cases.

3. **LEGAL ISSUES AND FACTS TO BE RESOLVED**
   **Plaintiff:** The major legal and factual issues include:
   a. Whether Defendant willfully and/or intentionally violated 15 U.S.C. § 1692e by Defendant's use of false or misleading representations and deceptive means in connection with its attempts to collect the alleged debt from Plaintiff.
   b. Whether Defendant willfully and/or intentionally violated 15 U.S.C. § 1692f and 1692g by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.
   c. Whether Defendant's illegal contact with Plaintiff and the Class members utilizing an initial communication is in violation of the FDCPA by failing to include the requisite information found in 15 U.S.C. § 1692g(a).
   d. Whether Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct

   **Defendant**: The major legal and factual issues include, in addition to those stated by Plaintiff:
   a. Whether Plaintiff has standing to sue under Article III of the U.S. Constitution under the framework set out in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). *See* e.g., *Choice v. Kohn L. Firm, S.C.*, 77

2

F.4th 636, 639 (7th Cir. 2023); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022), cert. denied, 143 S. Ct. 775, 215 L. Ed. 2d 46 (2023).
   b. Whether each member of the putative class has Article III standing. (*E.g. Elzen v. Advisors Ignite USA LLC,* No. 22-C-859, 2024 WL 195473, at *5 (E.D. Wis. Jan. 18, 2024), *vacated by settlement,* No. 22-C-859, 2024 WL 3593678 (E.D. Wis. June 12, 2024).
   c. Can Plaintiff expand the class definition to include other of Defendant's clients solely for the purpose of overcoming lack of numerosity with respect to letters sent to members of The Sunset Homes Association Inc? Is Plaintiff typical and adequate to represent members of different clients of Defendant?
   d. Whether issues with Plaintiff's asserted damages of "Plaintiff confusion, mental anguish, anxiousness, stress, fear, lost sleep, feelings of despair, and emotional distress, which has in turn affected Plaintiff's personal life and well-being" defeat certification due to typicality, manageability and superiority concerns, or create an irreconcilable conflict between Plaintiff and the putative classmembers.
   e. Whether issues with Plaintiff's asserted claims defeat certification due to typicality, manageability and superiority concerns.

4. **AMENDMENTS:**

**Plaintiff:** At this time, Plaintiff is not aware of any pleadings that need amendments. However, per Fed. R. Civ. P. 15, should additional facts arise during discovery, Plaintiff may file amended pleadings and/or add parties without leave of court on or before March 5, 2025. Plaintiff reserves the right to add additional parties or otherwise amend the pleadings in the future depending on information learned through discovery.

**Defendant**: Defendant intends to oppose Plaintiff's motion for class certification. Therefore, Defendant anticipates Plaintiff may seek leave to file amended pleadings and/or add parties where permitted by the Federal Rules of Civil Procedure and within the time allotted for amendments by this Court. Defendant is not otherwise aware of any pleadings that need amendments. However, per Fed. R. Civ. P. 15, should additional facts arise during discovery, Defendant may seek leave to file an amended answer and reserves the right to otherwise amend its pleadings as allowed.

5. **DISCOVERY PLAN:**

**Plaintiff:** Plaintiff does not seek any changes in the form or requires for disclosures under Rule 26(a), except that the initial disclosures will have been exchanged on or by **August 30, 2024**.
   a. Plaintiff has propounded written discovery on Defendant; a first set served on August 19, 2024, and a second set served on August 22, 2024. The Parties have yet to participate in formal discovery, but Plaintiff anticipates propounding written discovery shortly after the Rule 26(f) Conference.

3

b. Plaintiff anticipates propounding written discovery in the form of Requests for Admission, Special Interrogatories, and Requests for Production of Documents. Plaintiff also anticipates in deposing Defendant's persons most knowledgeable pursuant to FRCP 30(b)(6).
c. Plaintiff does not believe that discovery should be conducted in phases or otherwise limited.
d. Plaintiff does not believe the applicable limitations should be changed or other orders should be imposed. However, Plaintiff reserves the right to request limitations as needed at a future date.
e. Per the Parties Meet and Confer on August 16, 2024, Plaintiff proposes the following deadlines and dates;
    i. Cutoff for Expert Designation – May 5, 2025
    ii. Rebuttal Expert witness disclosures – June 3, 2025
    iii. Class Certification Deadline – June 3, 2025
    iv. Completion of Expert Discovery – September 1, 2025
    v. Completion of Fact Discovery – September 1, 2025
    vi. Cutoff for Dispositive Motions – October 1, 2025
    vii. Final Pre-trial conference – January 6, 2026
f. Protective order: The Parties anticipate filing a protective order related to confidentiality and plan to submit a protective order consistent with the Court's template in the local rules for the Court's consideration.

**Defendant**: Defendant does not seek any changes in the form or requirements for disclosures under Rule 26(a), except that the parties agreed that initial disclosures will be exchanged on or by August 30, 2024.
a. Plaintiff has propounded a First Set of Discovery including Requests for Admissions, Interrogatories and Requests for Production of Documents to Defendant. Plaintiff has also propounded a Second Set of Discovery including Requests for Production and Interrogatories to Defendant. Plaintiff has requested a deposition of Defendant's persons most knowledgeable pursuant to FRCP 30(b)(6), although Defendant has not yet identified the proposed topics.
b. Defendant anticipates propounding written discovery in the form of Requests for Admission, Interrogatories, and Requests for Production of Documents. Defendant also anticipates deposing Plaintiff, opt-in class members and third parties such as The Sunset Homes Association Inc.
c. Defendant does not believe that discovery should be conducted in phases or otherwise limited.
d. Defendant does not believe the applicable limitations should be changed or other orders should be imposed. However, Defendant reserves the right to request limitations as needed at a future date.

4

e. Per the Parties Meet and Confer on August 16, 2024, Defendant proposes the following deadlines and dates;
    i. Cutoff for Expert Designation – May 5, 2025
    ii. Rebuttal Expert witness disclosures – June 3, 2025
    iii. Class Certification Deadline – June 3, 2025
    iv. Completion of Expert Discovery – September 1, 2025
    v. Completion of Fact Discovery – September 1, 2025
    vi. Cutoff for Dispositive Motions – October 1, 2025
    vii. Final Pre-trial conference – January 6, 2026
f. Protective order: The Parties anticipate filing a protective order related to confidentiality and plan to submit a protective order consistent with the Court's template in the local rules for the Court's consideration.

6. **ESI:**
   **Plaintiff**: Plaintiff proposes the following regarding Electronically Stored Information:
   Plaintiff proposes to produce ESI in PDF format and to the extent possible, in searchable PDF format. Plaintiff also proposes that per Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses listed below (or any updated email address provided to all counsel of record).

   **Defendant**: Defendant proposes to produce ESI in PDF format and to the extent possible, in searchable PDF format. Defendant also proposes that per Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email addresses listed below (or any updated email address provided to all counsel of record).

7. **OTHER ISSUES:**
   **Plaintiff:** None.

   **Defendant**: None.

Dated: 16 August 2024                                        Respectfully submitted,

                                        By: /s/ Gustavo Ponce
                                            Gustavo Ponce, Esq.
                                            Mona Amini, Esq. (*admission forthcoming*)
                                            KAZEROUNI LAW GROUP, APC
                                            245 Fischer Ave., Unit D1
                                            Costa Mesa, CA 92626
                                            Telephone: (800) 400-6808
                                            Facsimile: (800) 520-5523

5

Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

Dated: 16 August 2024

By: */s/ Stephanie Chau*
Womble Bond Dickinson (US) LLP
Stephanie G. Chau
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618
Telephone: 714-557-3800
Stephanie.Chau@wbd-us.com

Mary Elizabeth O'Neill (SBN# 1017917)
301 S. College Street, Suite 3500
Charlotte, NC 28202
Telephone: 704-350-6310
Email: Elizabeth.ONeill@wbd-us.com

Mary Elizabeth O'Neill (SBN# 1017917)
301 S. College Street, Suite 3500
Charlotte, NC 28202
Telephone: 704-350-6310
Email: Elizabeth.ONeill@wbd-us.com

Scott J. Hyman
400 Spectrum Center Drive, Suite 1700
Irvine, CA 92618
Telephone: 714-557-3800
Scott.Hyman@wbd-us.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Any attorney not an ECF participant here, hard copies of the foregoing will be provided via personal delivery or by postal mail.

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.