UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MAHLON OIE,** *individually and on behalf of all other similarly situated*,
    Plaintiff,

v.                                           Case No. 24-CV-672

**HUSCH BLACKWELL, LLP,**
    Defendant.

## ORDER TO SHOW CAUSE

Plaintiff Mahlon Oie initiated this putative class action against defendant Husch Blackwell, LLP, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. Although the complaint alleges a violation of federal law, it appears that plaintiff does not have standing under Article III of the Constitution to bring this action in federal court.

No person may bring a claim for relief in federal court unless that person has standing under Article III of the Constitution. *See, e.g., Spokeo Inc. v. Robins*, 578 U.S. 330, 337–39 (2016). To demonstrate standing, a plaintiff must demonstrate that he has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. To establish injury in fact, a plaintiff must show that he suffered "an invasion of a

legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S.at 560.

The Seventh Circuit has made clear that under *Spokeo*, a consumer a who lacks a concrete injury cannot sue under the FDCPA solely because a statement in a collection letter is incorrect, confusing, or misleading. *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020); *see also Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Spuhler v. State Collection Service, Inc.*, 983 F.3d 282 (7th Cir. 2020). Merely being misled or confused by a collection letter does not result in a concrete injury unless the consumer acts to his detriment on that confusion, such as by paying something he does not owe. *Brunett*, 982 F.3d at 1068.

In the present case, plaintiff alleges that that defendant's collection letter was "an invasion of a legally protected interest under the FDCPA." ECF No. 1, ¶ 39. However, Article III standing "requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. "[A] bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* Plaintiff further alleges that defendant's alleged misrepresentations caused him "confusion, mental anguish, anxiousness, stress, lost sleep, feelings of despair, and emotional distress." ECF No. 1, ¶ 40. But psychological harm and emotional distress alone without physical manifestations or a qualified medical diagnosis do not amount to concrete harm, and therefore cannot satisfy the injury-in-fact requirement. *See Pennell v. Glob. Tr. Mgt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021). Plaintiff does not allege that the letter caused him to take any action to his detriment, such as paying a debt he would not have paid but for

2

the letter's misleading statements. Thus, it appears from the complaint that plaintiff suffered no concrete harm from the alleged FDCPA violation.

Article III standing is an element of federal jurisdiction. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 895–97 (7th Cir. 2018). Thus, if plaintiff lacks standing, I must dismiss this case without prejudice for lack of subject-matter jurisdiction. Before doing so, I will give plaintiff an opportunity to show cause why this case should not be dismissed. **THEREFORE, IT IS ORDERED** that, on or before **June 3, 2025**, plaintiff shall **SHOW CAUSE** why this action should not be dismissed without prejudice for lack of Article III standing. Defendant shall have 14 days from the date of plaintiff's response to this order to file its own response to both this order and plaintiff's response to this order.

**IT IS FURTHER ORDERED** that all case deadlines are **SUSPENDED** until the issue of the court's subject-matter jurisdiction is resolved.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge