UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSCH BLACKWELL LLP,<br><br>Defendant. | Case No.: 2:24-cv-00672-LA |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 20)**

### I. Introduction

Plaintiff MAHLON OIE ("Plaintiff") submits this Response to the Court's Order to Show Cause as to standing and dismissal of this case (ECF No. 20). Plaintiff and Defendant Husch Blackwell LLP ("Defendant") have reached a proposed class settlement of this matter. *See* Notice of Settlement (ECF No. 21). As of the filing of this Response the Parties have fully executed the settlement agreement. As discussed below, Plaintiff has standing under Article III to proceed with this action in federal court.

### II. Plaintiff's Allegations Satisfy Constitutional Requirements for Article III Standing.

Plaintiff's Complaint alleges Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and sets forth a concrete, particularized injury that satisfies the constitutional requirements for Article III standing. Specifically, Plaintiff alleges that Defendant's Collection Letter dated February 1, 2024 materially misrepresented Plaintiff's rights by falsely stating that Plaintiff had only until February 11, 2024, to dispute the debt—contrary to the statutory 30-day period required by 15 U.S.C. § 1692g. As a result, Plaintiff suffered an invasion of a legally protected interest under the FDCPA by being deceived by Defendant about

their consumer rights specifically protected by the FDCPA as well as other consumer laws or common law. (Compl. ¶ 39). Plaintiff was personally affected by Defendant's Collection Letter, as the misrepresentation that that Plaintiff only had until "February 11, 2024" misled Plaintiff to believe Plaintiff did not have enough time to dispute the alleged debt and caused Plaintiff confusion, stress, anxiousness, lost sleep, and emotional distress, which affected Plaintiff's personal life and well-being. (Compl. ¶¶ 38–40). These injuries suffered by Plaintiff were concrete and Defendant's conduct was analogous to conduct sounding in fraud. (Compl. ¶ 41).

Plaintiff's FDCPA claims are not based on a mere procedural violation, but on substantive rights conferred by Congress to protect consumers from abusive, deceptive, and unfair debt collection practices. These injuries are not hypothetical or procedural. They are real and substantial consequences flowing directly from Defendant's violation of Plaintiff's statutory rights. The Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016), clarified that intangible harms may qualify as "concrete" where the harm has a close relationship to a harm traditionally recognized at common law, such as misrepresentation or fraud, or when Congress has elevated such harms to legally cognizable injuries. The FDCPA protects substantive consumer rights, including the right to truthful, non-misleading information in debt collection communications. Depriving consumers of this right is itself a concrete harm. *See Soyinka v. Franklin Collection Serv.*, 472 F. Supp. 3d 463, 465 (N.D. Ill. 2020) (the FDCPA's goal is to protect consumers from being misled); see also *Elverton v. Premiere Credit of N. Am., LLC*, No. 17 C 2505, 2018 U.S. Dist. LEXIS 242054, at *5 (N.D. Ill. Apr. 16, 2018); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016). Here, Plaintiff has alleged that Defendant's conduct—misrepresentations and omissions in its Collection Letter to Plaintiff, constituting unfair and unlawful collection tactics—pose an actual and imminent risk of real harm sufficient for standing.

Courts in the Seventh Circuit, and other federal courts, have found similar allegations sufficient to establish standing. For example, in *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049 (7th Cir. 2019), the Seventh Circuit found that an FDCPA plaintiff had standing where a consumer was

shorthanded and would have likely exercised their rights under the FDCPA. Similarly, in *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747 (6th Cir. 2018), the court concluded that a plaintiff suffered a concrete injury when deprived of information to which they were legally entitled under § 1692g. Courts have routinely held that misleading information, even if not acted upon, poses a "risk of real harm" sufficient for standing. *See, e.g., Cohen v. Rosicki*, 897 F.3d 75 (2d Cir. 2018) (holding misidentifying creditor posed harm by hindering defense and plaintiff's ability to respond to the debt and thus plaintiff had standing but reaffirmed dismissal on other grounds); *Sayles v. Advanced Recovery Sys.*, 865 F.3d 246 (5th Cir. 2017) (failure to report debt as disputed posed concrete risk of financial harm); *see also Lupia v. Medicredit, Inc.*, 8 F.4th 1184 (10th Cir. 2021) (finding FDCPA violations caused harms akin to those caused by invasion of privacy); *Hunstein v. Preferred Collection and Mgmt. Services*, 17 F.4th 1016 (11th Cir. 2021) (explaining that *Spokeo* and *TransUnion* do not require perfect congruence with common-law harms, but only those similar in kind and not in degree), vacated and rehearing *en banc* granted, 17 F.4th 1103 (11th Cir. 2021); *DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 279-80 (3d Cir. 2019), following *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 357-58 (3d Cir. 2018) (holding FDCPA violations caused harms akin to invasion of privacy); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017) (finding standing based on emotional distress). Some decisions by the Sixth Circuit also take a broader approach to standing for intangible injuries under the FDCPA. *See, e.g., Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (holding FDCPA violations caused harm akin to invasion of privacy); *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 463 (6th Cir. 2019) (implying that claim that plaintiff had wasted time or suffered emotional distress would have supported concrete injury). In

In this case, as a result of Defendant's collection activities and misrepresentations in Defendant's Collection Letter, Plaintiff was misled into believing that the right to dispute the debt had expired prematurely, and as a result could no longer dispute it, and thus suffered emotional and informational harm. These harms are legally cognizable. *See Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1050 (7th Cir. 2019); *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250–

51 (5th Cir. 2017); *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018); *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747 (6th Cir. 2018); *Lupia v. Medicredit, Inc.*, 8 F.4th 1184 [*954] (10th Cir. 2021); *Hunstein v. Preferred Collection and Mgmt. Service*s, 17 F.4th 1016 (11th Cir. 2021); *DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 279-80 (3d Cir. 2019); *Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 357-58 (3d Cir. 2018); *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020); *Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 463 (6th Cir. 2019); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017). Plaintiff received the letter and the time to dispute the debt was merely impossible based of the reading of the Collection Letter but contrary to the FDCPA requirements. Further, Plaintiff disputes the debt amount is owed but could not dispute it as the time had elapsed when he received the Collection Letter. In addition to invasion of legally protected rights under the FDCPA, Plaintiff's complaint has plead emotional distress, confusion, wasted time, or risk of reputational and financial harm, thus reinforcing standing and substantive injury under Article III. As courts in multiple circuits have held, the FDCPA protects not just against economic harm, but also against informational and emotional injuries, including embarrassment, anxiety, and reputational damage—exactly the types of harm implicated in this case.

Accordingly, Plaintiff has adequately alleged a concrete and particularized injury that is fairly traceable to Defendant's conduct and redressable by this Court. The constitutional requirements of Article III are met, and dismissal on standing grounds would be improper.

///

///

///

4

### III. Conclusion

Based on the above, Plaintiff respectfully submits that Plaintiff has standing under Article III to proceed with this action in federal court. Plaintiff respectfully requests that this Court retain jurisdiction over this action and allow the parties to submit papers in support of preliminary approval of the proposed class action settlement. The Parties are close to finalizing the draft class action settlement agreement. If the Court retains jurisdiction over this action, Plaintiff anticipates filing a Motion for Preliminary Approval of Class Action Settlement within sixty (60) days.

Dated: June 3, 2025                    Respectfully submitted,

By: /s/ Gustavo Ponce
Abbas Kazerounian
Mona Amini
Gustavo Ponce
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Any attorney not an ECF participant here, hard copies of the foregoing will be provided via personal delivery or by postal mail.

      By: */s/ Gustavo Ponce*
          Gustavo Ponce, Esq.