UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSCH BLACKWELL LLP,<br><br>Defendant. | Civil Action No. 2:24-cv-00672-LA |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES**

On June 3, 2025, Plaintiff Mahlon Oie ("Plaintiff") and Defendant Husch Blackwell LLP ("Defendant") (collectively "the Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement," "Settlement Agreement" or "SA"), which is subject to review under Fed. R. Civ. P. 23.

On August 13, 2025, Plaintiff filed the Settlement Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by Defendants.

On _____, 2025, upon consideration of the Agreement, Plaintiff's Preliminary Approval Motion, and the record in this Action, **NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **JURISDICTION:** The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

2. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:** The Court preliminarily finds that the Settlement of the Action, on the terms and conditions set forth in the

Settlement Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court finds that notice of the Settlement should be given to the approximately the Class and hearing shall be held on final approval of the Settlement.

3. **SETTLEMENT CLASS MEMBERS**: Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class members:

> All individuals who were sent an initial written communication between by Defendant in an attempt to recover sums due between May 30, 2023, and May 30, 2024.

4. **CLASS CERTIFICATION**: The Court preliminarily finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

5. **CLASS REPRESENTATIVE AND CLASS COUNSEL**: For purposes of preliminary approval, the Court appoints Plaintiff Mahlon Oie as the Class Representative; and Plaintiff's counsel Abbas Kazerounian, Mona Amini, and Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, are appointed as Class Counsel.

6. **CLASS NOTICE AND SETTLEMENT ADMINISTRATOR**: The Court approves the form and method of Class Notice set forth in the Settlement Agreement. The Court finds that the form and method of notice set forth in the Settlement Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances. The Court approves the proposed Mail Notice attached to

the Settlement Agreement as **Exhibit 2**. The Court preliminarily appoints Simpluris as the Settlement Administrator and they are directed to disseminate notice as set forth in the Settlement Agreement.

7. **SETTLEMENT AND CLAIMS PROCESS:** The Court preliminarily approves the Settlement as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Settlement Agreement for reviewing, approving and paying Settlement Award payments from the Settlement Fund on a pro rata basis.

8. **EXCLUSIONS:** Any Class Member who desires to be excluded from the Settlement must send a written Opt-Out Request to the Settlement Administrator at the address designated in the Class Notice, to be postmarked no later than the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of the Preliminary Approval Order. Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Oie Husch Blackwell FDCPA class action." The Settlement Administrator's address shall be provided in the Class Notice mailed to the Class Members. The Settlement Administrator shall provide a list of all Opt-Out Requests to Class Counsel and Defendants within fourteen (14) days after the Opt-Out and Objection deadline. A list of the Class Members excluded from the Settlement will be filed with the Motion for Final Approval of the Class Action Settlement. Any Class Member who submits a valid and timely Opt-Out Request shall not be a member of the Settlement Class, and shall not be bound by the Settlement Agreement or Settlement.

9. **OBJECTIONS:** Any Settlement Class Member who intends to object to the

3

fairness of the Settlement must file a written objection with the Clerk of Court, on or before the Opt-Out and Objection Deadline, which is seventy-five (75) days from the post-marked date of the Class Notice. Further, any such Class Member must, within the same time period, mail a copy of the written objection to Class Counsel and Defendants' Counsel, whose addresses shall be set forth in the Notice advising the Class Members regarding objections. To be considered, written objection must be signed by the Class Member and (A) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel; (B) Include a statement of such Class Member's specific objections; and (C) State the grounds for objection and attach any documents supporting the objection. Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

10. **<u>FINAL APPROVAL HEARING</u>:** The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 2025 at _____ am/pm. The Final Approval Hearing may be rescheduled or continued by the Court or upon stipulation of the Parties. At the hearing, the Court will consider the following issues:

- Whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;
- Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;
- Whether the Final Judgment, as provided under the Settlement Agreement,

4

should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

- Any such other issues as the Court deems appropriate.

11. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

12. If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

13. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____    _____
                                          HON. LYNN ADELMAN
                                          U.S. DISTRICT JUDGE