# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MAHLON OIE,** *individually and*
*on behalf of all others similarly situated*,
        **Plaintiff,**

    **v.**                        **Case No. 24-CV-0672**

**HUSCH BLACKWELL, LLP,**
        **Defendant,**

---

## <u>ORDER</u>

On June 3, 2025, plaintiff Mahlon Oie and defendant Husch Blackwell LLP entered into a Class Action Settlement Agreement. On August 13, 2025, plaintiff filed a motion for Preliminary Approval of Settlement and supporting documentation with this Court. Defendant indicates that it does not oppose the motion. Based on plaintiff's submissions, as well as the record as a whole, **IT IS ORDERED THAT**:

1. Plaintiff's unopposed Motion for Preliminary Settlement Approval (ECF No. 28) is **GRANTED**.

2. The parties' Settlement Agreement, *see* ECF No. 28-1 at 31–59, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members, the strengths and weaknesses of the case, the complexity, expense, and probable duration of further litigation, and the risk and delay inherent in possible appeals.

3. The Action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, for purposes of settlement only. Pursuant to

Federal Rule of Civil Procedure 23(b)(3), this Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class members:

> All individuals who were sent an initial written communication between by Defendant in an attempt to recover sums due between May 30, 2023, and May 30, 2024.

4.      Named plaintiff, Mahlon Oie, is appointed as Class Representative. Pursuant to Federal Rule of Civil Procedure 23(g), plaintiff's counsel Abbas Kazerounian, Mona Amini, and Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, are appointed as Class Counsel.

5.      The form and method of notice set forth in the Settlement Agreement satisfy the requirements of Federal Rule of Civil Procedure (c)(2)(B) and due process and constitute the best practicable procedure under the circumstances. The proposed Mail Notice attached to the Settlement Agreement as Exhibit 2, *see* ECF No. 28-1 at 68–72, is approved. Simpluris Inc. is preliminarily appointed as Settlement Administrator and shall disseminate notice as set forth in the Settlement Agreement.

6.      Any Class Member who desires to be excluded from the Settlement must send a written Opt-Out Request to the Settlement Administrator at the address designated in the Class Notice, to be postmarked no later than the Opt-Out and Objection Deadline, which is 75 days after the date of the entry of this Preliminary Approval Order. Opt-Out Requests must: (i) be signed by the person in the Class who is requesting exclusion; (ii) include the full name, phone number, email, current address of the person in the Class requesting exclusion; (iii) claim identification number included in the Notice, and (iv) include the following statement: "I/we request to be excluded from the settlement in the Oie Husch Blackwell FDCPA class action." The Settlement Administrator's address

shall be provided in the Class Notice mailed to the Class Members. The Settlement Administrator shall provide a list of all Opt-Out Requests to Class Counsel and Defendants within fourteen days after the Opt-Out and Objection deadline. A list of the Class Members excluded from the Settlement will be filed with the Motion for Final Approval of the Class Action Settlement. Any Class Member who submits a valid and timely Opt-Out Request shall not be a member of the Settlement Class, and shall not be bound by the Settlement Agreement or Settlement.

7.      Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Clerk of Court, on or before the Opt-Out and Objection Deadline, which is 75 days from the post-marked date of the Class Notice. Further, any such Class Member must, within the same time period, mail a copy of the written objection to Class Counsel and Defendants' Counsel, whose addresses shall be set forth in the Notice advising the Class Members regarding objections. To be considered, written objection must be signed by the Class Member and (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member, including providing the Claim ID, full name, address, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel; (ii) include a statement of such Class Member's specific objections; and (iii) state the grounds for objection and attach any documents supporting the objection. Any Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

8.      The Court will conduct a Fairness Hearing on **January 5, 2026**, at **10:30 a.m.** in Courtroom 390, 517 E Wisconsin Ave., Milwaukee, WI 53202. At the hearing, the

Court will consider the following issues: (i) whether this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23; (ii) whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court; (iii) whether the Final Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and (iv) any such other issues as the Court deems appropriate. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, Class Members wishing to be heard should indicate in their written objection whether they intend to appear at the Fairness Hearing.

9.      Any Motions, including, but not limited to, motions for Approval of Attorneys' Fees and Costs, for Approval of Named Plaintiff's Service Award, and for Final Settlement Approval, must be filed with the Court no later than seven days prior to the Fairness Hearing.

10.      If the Settlement Agreement is not finally approved for any reason, then this order shall be vacated, the Settlement Agreement shall have no force and effect, and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge