UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAHLON OIE, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.                                           Case No.: 2:24-cv-00672-LA

HUSCH BLACKWELL LLP,

        Defendant.

## AMENDED OBJECTION OF CLASS MEMBER KAREN MARTINELLI TO SETTLEMENT

### I.    DEFENDANT IS LIABLE FOR 1% OF ITS NET WORTH, UP TO $500,000

       This is a class action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Damages in the FDCPA class action are set by 15 U.S.C. §1692k(a): the sum of any actual damages; not more than $1,000 statutory damages for the named plaintiff, and "such amount" of statutory damages "as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector," plus attorney's fees and costs.

       The motion for preliminary approval (Doc. 28) does not claim that the class members suffered actual damages. Ms. Martinelli filed her own class action in state court; Husch Blackwell attempted to remove it (24cv1474), but this Court granted Ms. Martinelli's motion to remand on the ground that she did not claim or suffer actual damages, so that Article III jurisdiction was not satisfied.

       The proposed settlement in this case says that "Defendant has agreed to provide a Settlement Fund of $9,090.00 which will provide Settlement Awards in the sum of $30.00 to each of

1

the Class Members," who number 303 persons. The agreement also provides for an incentive of $2500 to the plaintiff and not more than $90,000 in attorney's fees, which defendant agrees not to oppose.

## II.   DEFENDANT'S STATUTORY DAMAGES LIABILITY IS $500,000

In order to determine if a settlement of an FDCPA is appropriate, it is necessary to know what 1% of the debt collector's net worth is.

Husch Blackwell is a law firm with, according to its web site, 21 offices and about 900 attorneys. ([https://www.huschblackwell.com/offices](https://www.huschblackwell.com/offices)) Legal publications report that it has gross revenue in excess of $700 million, net operating income of more than $180 million, and a profit per equity partner of $1,006,000. ([https://www.law.com/compass/firm/LF00000569/Husch-Blackwell/overview](https://www.law.com/compass/firm/LF00000569/Husch-Blackwell/overview)) The firm itself confirms the $700 million figure. ([https://www.huschblackwell.com/inthenews/posting-double-digit-growth-husch-blackwell-jumps-four-spots-to-no-78-in-the-2025-am-law-100-rankings](https://www.huschblackwell.com/inthenews/posting-double-digit-growth-husch-blackwell-jumps-four-spots-to-no-78-in-the-2025-am-law-100-rankings)) The firm is reported to have 165 equity partners. ([https://www.saintmarys.edu/files/2021/06/AmLaw%20100%20salary%202021.pdf](https://www.saintmarys.edu/files/2021/06/AmLaw%20100%20salary%202021.pdf))

Since the lawsuit has been pending for more than a year, annual profits of $165 million, whether distributed or not, mean that Husch Blackwell's net worth exceeds $50 million. That is, the firm cannot reduce its net worth by making distributions, knowing that a controversy in which its net worth is relevant exists. *See Estate of Edward Kunze v. Comm'r,* 233 F.3d 948, 953 (7th Cir. 2000).

These numbers indicate that the maximum $500,000 statutory damages applies in this case.

## III.   THE MOVING PAPERS DO NOT DISCUSS THE STATUTORY DAMAGES FORMULA

The entire justification for paying the class $9,090 is on pp. 24-25 of the memorandum in support of preliminary approval and is as follows:

The benefits conferred by the Settlement for Settlement Class Members are substantial and

2

clearly outweigh the potential benefits and risks of proceeding with the class action. They include a substantial monetary payment now rather than waiting until after trial. Courts have stated that the fact that a proposed settlement may only amount to a fraction of the potential recovery does not mean that the proposed settlement should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). Here, each Settlement Class Member is entitled to a $30.00 Settlement Award. The maximum statutory damages under the FDCPA is up to $1,000 (depending on whether the violation is proven to be willful). *See* 15 U.S.C. § 1692k(a)(1)-(2)(A) (FDCPA). The Settlement Award here of $30.00 per Settlement Class Member is an excellent result for the Settlement Class Members, as: (1) the value offered is a compromise of the maximum statutory damages each Settlement Class Member could receive in this matter, which would otherwise be highly contested and require vigorous litigation efforts, and (2) the value offered is substantially better when compared to other similarly approved settlements, some of which only offer a recovery of a few dollars.[5]

[5 *See, e.g., Acosta v. Patenaude & Felix*, No. 19-cv-954-CAB-BGS, 2020 U.S. Dist. LEXIS 165852, at *13 (S.D. Cal. Sep. 10, 2020) (finally approving a $3 settlement payment to class members in a FDCPA case); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 684 (N.D. Cal. 2016) (approving FDCPA settlement of $13,610 for a class of 901 members, resulting in recovery of $15.10 per claimant); *Salazar v. Midwest Servicing Grp., Inc.*, No. CV 17-0137 PSG (KSX), 2018 U.S. Dist. LEXIS 172934, 2018 WL 4802139, at *4 (C.D. Cal. Oct. 2, 2018) (approving award of $20.00 per class member).]

Nowhere in the motion, the supporting papers, the class notice or the website pertaining to the settlement is there any mention of (1) the special statutory damages formula applicable to an FDCPA class action, (2) what the net worth of Husch Blackwell is or (3) what percentage of the maximum recovery is being paid to the class. The memorandum does not even state that proposed class counsel have obtained Husch Blackwell's net worth in discovery or otherwise. If Husch Blackwell is subject to the $500,000 maximum, each class member could be paid $1,000 without reaching it.

## IV. THE SETTLEMENT CANNOT BE APPROVED WITHOUT KNOWING WHAT THE CLASS COULD RECOVER IF THE CASE IS SUCCESSFUL

The Seventh Circuit has held that the most critical factor in determining the fairness of a proposed class settlement is a comparison of what plaintiff would likely recover if the case is fully litigated with the relief offered in settlement. *Armstrong v. Board of School Directors*, 616 F.2d 305, 313-14 (7th Cir. 1980); *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014); *Mirfasihi v. Fleet*

3

*Mortg. Corp.,* 450 F.3d 745, 749-51 (7th Cir. 2006); *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1132 and n. 44 (7th Cir. 1979); *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 285-86 (7th Cir. 2002).

The Seventh Circuit has disapproved class settlements when there is insufficient information regarding the potential recovery for the class. *Mirfasihi v. Fleet Mortg. Corp., supra,* 450 F.3d at 750-51; *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d at 1139; *Reynolds v. Beneficial National Bank*, 288 F.3d at 285.

Here, what plaintiff would recover if the case is fully litigated is dependent on the net worth of the defendant, which is not disclosed.

The absence of this information requires disapproval of the settlement. In *Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*, 333 F.R.D. 314, 323 (S.D.N.Y. 2019), the court disapproved the proposed class settlement because, among other things, the parties failed to provide any evidence regarding the defendants' combined net worth or how it was calculated. The court emphasized that without such documentation, it could not verify the representation that the settlement fund represented 1% of the defendants' net worth, as required under the FDCPA.

In *Beneli v. BCA Fin. Servs.,* 324 F.R.D. 89, 104 (D.N.J. 2018), the court approved the class settlement despite a dispute over whether the $10,000 settlement amount accurately reflected 1% of the defendant's net worth. The court found that the matter had been the subject of confirmatory discovery and settlement discussions and found the settlement reasonable.

In *Schuchardt v. Law Office of Rory W. Clark,* 314 F.R.D. 673 (N.D. Cal. 2016), cited by the in the motion for preliminary approval, the court approved the class settlement where the settlement fund exceeded 1% of the defendant's net worth, as confirmed by a declaration submitted by the defendant. The case underscores the importance of submitting evidence, such as declarations, to

4

demonstrate compliance with the statutory damages cap .

## V. CONCLUSION

In short, the settlement papers in this case simply provide no basis on which the Court – or a class member receiving the notice – could judge whether the settlement is fair, reasonable and adequate. A settlement in which the class receives .03% of the potential damages ($30 is .03% of $1,000) is not a fair compromise unless the case is frivolous.

The citation of other cases in which debt collectors have only had to pay $3 to $20 per class member is totally unilluminating because the memorandum says nothing about what the net worth of the defendants in these cases was. Clearly, none of them involved a defendant anywhere near as substantial as Husch Blackwell. The Court cannot assume that 1% of the net worth of the Law Office of Rory W. Clark is similar to 1% of the net worth of Husch Blackwell, which is basically what the argument in favor of approval amounts to.

For these reasons, the Court should not approve the proposed settlement.

## VI. MISCELLANEOUS

Karen Martinelli resides at 1717 E. Kensington Blvd., Shorewood, WI 53211. She intends to appear through counsel at the hearing on final approval.

Respectfully submitted,

By: /s/ *Heidi Miller*
    Heidi Miller (#1087696)

Heidi Miller (#1087696)
**HNM LAW, LLC**
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

                                        Daniel A. Edelman
                                 **EDELMAN, COMBS, LATTURNER**
                                         **& GOODWIN, LLC**
                                20 South Clark Street, Suite 1800
                                Chicago, IL 60603
                                (312) 739-4200
                                (312) 419-0379 (FAX)
                                courtecl@edcombs.com
                                Dedelman@edcombs.com

ATTORNEYS FOR MARTINELLI

**CERTIFICATE OF SERVICE**

  Daniel A. Edelman certifies that on November 6, 2025, this document was filed via ECF, causing a copy to be sent to all counsel of record. In addition copies were mailed to:

Abbas Kazerounian
Gustavo E Ponce
Mona Amini
Kazerouni Law Group APC
245 Fischer Ave - Ste Unit D1
Costa Mesa, CA 92626


Matthew A McKenna
Shield Law LLC
237 South St - Ste 110
Waukesha, WI 53186


Genevieve Rae Walser-Jolly
Scott James Hyman
Stephanie Chau
Womble Bond Dickinson LLP
400 Spectrum Ctr Dr - Ste 1700
Irvine, CA 92618

Mary Elizabeth O'Neill
Womble Bond Dickinson LLP
301 S College Ctr - Ste 3500
Charlotte, NC 28202-6050


Tomio B Narita
Womble Bond Dickinson LLP
50 California St - Ste 2750
San Francisco, CA 94111


              */s/ Daniel A. Edelman*
              Daniel A. Edelman

T:\41096\Pleading\amended objection to class settlement_Pleading.WPD