# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MAHLON OIE, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

HUSCH BLACKWELL LLP,

        Defendant.

Case No.: 2:24-cv-00672-LA

---

## DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

I, Abbas Kazerounian, hereby declare under penalty of perjury that the following is true and correct:

1. I am one of the attorneys for Plaintiff Mahlon Oie ("Plaintiff" or "Class Representative") and the proposed Class members (the "Class" or "Class Members") in the above-captioned action (the "Action") and the proposed Settlement entered into with Defendant Husch Blackwell LLP ("Defendant"). I, together with my colleagues, Mona Amini and Gustavo Ponce, at Kazerouni Law Group, APC, and Matthew McKenna at Shield Law, LLC, have been appointed by the Court as Class Counsel in this Action.

2. I am an attorney in good standing admitted to practice before this District Court, the United States District Court for the Eastern District of Wisconsin since July 2015. I was admitted to the State Bar of California in 2007, and have been a member in good standing ever since that time. I am a member in good standing of the State Bars of California, Texas, Illinois, Colorado, New York, Washington, Michigan, District of Columbia, the Eighth Circuit Court of Appeals the Ninth Circuit Court of Appeals, the Eleventh Circuit

Court of Appeals, and the Supreme Court of the United States. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Arkansas, New York, New Jersey, Colorado, Tennessee, Ohio, Florida, Illinois, Nebraska, Virginia, Minnesota, and Texas.

3.      If called as a witness, I would competently testify to the matters herein from personal knowledge. The declaration is based upon my     personal knowledge, except where expressly noted otherwise.

4.      I submit this declaration in support of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Incentive Award.

## FACTUAL & PROCEDURAL BACKGROUND

5.      On May 30, 2024, Plaintiff filed this putative class action, and subsequently filed the operative First Amended Complaint ("FAC") against Defendant asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

6.      Plaintiff alleged on behalf of himself and the putative class that Defendant sent him and the putative class members false or misleading collection communications stating they had less than thirty (30) days to dispute the alleged debt or request validation from Defendant.

7.      Plaintiff filed the Class Action Complaint seeking damages, and any other available legal or equitable remedies, resulting from the alleged illegal actions of Defendant.

8.      The Parties have spent over a year since the inception of this contested matter with Plaintiff's involvement in reviewing the Complaint as well as reviewing pleadings and discovery.

9.      During the discovery process discovery, the Parties met and conferred in good faith to resolve the discovery issues.  The Parties participated in discovery, including discovery related to their respective alleged claims and purported defenses, as well as related to the class period,

class size, and the collection communications at issue in this Action.

10. Plaintiff propounded written discovery, met and conferred with Defendant upon the discovery issues that arose, and participated in the informal exchange of information with Defendant. Based on the discovery and information exchanged between the Parties and Defendant's representations during settlement discussions, Class Counsel has confirmed the Settlement Class is comprised of 303 individuals.

11. After commencing the litigation, the Parties participated in non-collusive, arms-length and informed settlement discussions, and ultimately agreed upon the proposed Settlement. Through the course of discovery and settlement negotiations, Defendant agreed to establish a Settlement Fund in the amount of $9,090.00 in order to provide each Class Member the sum of $30.00, and to separately pay the costs of Notice and Settlement Administration, as well as Class Counsel's attorney's fees and costs, and an Incentive Award for the named Plaintiff for his service as the Class Representative in this Action and for the benefit of the Settlement Class.

12. Taking into account the burdens, uncertainty and risks inherent in this litigation, Class Counsel has concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the settlement agreement. This is especially true considering that in order to fully prosecute this case through to trial, there would be a great deal of time consuming and costly discovery, depositions, and motion briefing as to the parties' claims. That said, although Class Counsel and Plaintiff are confident in the merits of this Action, they acknowledge that there are inherent uncertainties associated with complex class action litigation, and the possibility of delays caused by protracted litigation, contested motion practice, and appeals, which could leave

the Settlement Class members with similar or less relief much later, or without any relief at all.

13.     As a result of the above process and the Parties' representations to each other, Class Counsel believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's alleged claims and defenses and the potential risks to each party of pursuing further litigation in this matter. While Plaintiff remains confident in receiving a favorable determination on the merits, Plaintiff and Class Counsel are of the opinion that the Settlement provides significant benefits to the Settlement Class Members and is in the best interests of the Settlement Class.

14.     The Parties have agreed to resolve this matter on a class-wide basis subject to approval by this Court as a result of the parties' investigation to date and taking into account the uncertainties, delays, and expenses of the litigation process, including the likelihood of extensive depositions and costly discovery should the matter not settle, as well as the investigation of the claims to date.

15.     The Settlement Agreement was fully executed by the Parties on June 3, 2025.

16.     On August 13, 2025, Plaintiff, through Class Counsel, filed Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement and certification of the Settlement Class for settlement purposes. (ECF No. 28).

17.     On August 25, 2025, the Court granted Plaintiff's Unopposed Motion for Preliminary Approval, finding, *inter alia*, the Settlement to be "in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members, the strengths and weaknesses of the case, the complexity, expense, and probable duration of further litigation, and the risk and delay inherent in possible appeals" and satisfying "the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23." (ECF No. 30, ¶¶ 2-3).

## <u>The Settlement</u>

18.     This Settlement certified the following Settlement Class for settlement purposes:

> All individuals who were sent an initial written communication between by Defendant in an attempt to recover sums due between May 30, 2023, and May 30, 2024.

19.     The Settlement provides that Settlement Class Members who do not opt out of the Settlement will each receive a Settlement Award in the sum of $30.00, without the need to file a claim, if the Court finally approves the Settlement.

20.     The Agreement provides that all costs of the Class Notice, as well as other services and expenses of the Settlement Administrator related to the administration and distribution of the Settlement, will be paid by Defendant separate and apart from the Settlement Fund.

21.     The Agreement provides that, subject to the Court's approval, Plaintiff's counsel may seek up to $90,000 in attorney's fees *and* expenses.  This amount is unopposed by Defendant and shall be paid separate and apart from the Settlement Fund.   Also, separate from the Settlement Fund, and subject to the Court's approval, Defendant shall pay Plaintiff Mahlon Oie an Incentive Award of $2,500.00 for the time and effort personally invested by Plaintiff in this Action as the named Plaintiff and proposed Class Representative.  The Court's approval of any Incentive Award for Plaintiff is not, and will not be, a condition of the Settlement and Defendant will not oppose or object to an Incentive Award that does not exceed $2,500.00.

22.     Class Notice was disseminated by the Settlement Administrator to the Settlement Class per the Settlement Agreement and the Court's Preliminary Approval Order on September 26, 2025.  Settlement Class Members were provided direct individual notice through U.S. Mail or email. As the debt collector that previously sent previous communications and/or letters to the Class, Defendant has the names and mailing address and/or e-mail address for the Settlement Class

Members. The Class Notice informed Settlement Class Members of their rights and options related to the Settlement, included the Settlement Website and contact information for the Settlement Administrator, informed the Settlement Class Members of the terms of the Settlement, including the amount for Class Counsel's attorney's fees and costs and the Incentive Award for the Class Representative. In addition, the Class Notice included important dates and information for the Settlement Class Members related to their deadline to request exclusion from the Settlement or submit an objection to the Settlement, as well as information regarding the date, time, and location of the Final Approval Hearing scheduled by the Court.

### KAZEROUNI LAW GROUP, APC'S EXPERIENCE AND RECOGNITIONS

23.     I am a founding partner at Kazerouni Law Group, APC ("KLG"), which has been retained to represent Plaintiff in the above-captioned matter since its inception. My colleagues, Mona Amini, a partner at my firm, Gustavo Ponce, an associate attorney at my firm, and Matthew McKenna of Shield Law, LLC, have been involved in this litigation throughout the entire case.

24.     Since my admission to the State Bar of California in 2007, I have been engaged almost exclusively in the area of consumer rights litigation, in many areas, including but not limited to the Fair Debt Collection Protections Act (FDCPA), the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Telephone Consumer Protection Act (TCPA), the defense of debt collection lawsuits, and class action litigation such as under the FDCPA, RFDCPA, TCPA, California's Invasion of Privacy Statute pursuant to Penal Code § 630, *et seq*. (CIPA), the Consumers Legal Remedies Act (CLRA), Unfair Competition Law (UCL) and false advertising actions concerning business practices, consumer services, and products.

25.     My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 15,000 cases in the past 17 years. The firm has several offices in California, such as San

6

Diego and Costa Mesa, as well as in other states, including Phoenix, Arizona; Las Vegas, Nevada; St. George, Utah; Dallas, Texas; New York; and New Jersey.

26.     Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions. Approximately 98% percent of my practice concerns consumer litigation in general.

### KAZEROUNI LAW GROUP, APC'S EXPERIENCE & RESULTS

27.     Kazerouni Law Group, APC has extensive experience litigating individual consumer law cases and class actions, including cases alleging violations of fair debt collection practices statutes, such as the FDCPA and its various state law equivalents:

- *Gonzalez v. Allied Collection Services, Inc.*, No. 2:16-cv-02909-MMD-VCF (D. Nev., Dec. 2, 2019) (FDCPA case litigated through trial before the Honorable Miranda M. Du, awarding judgment for plaintiff, including statutory damages under the FDCPA and attorney's fees in the sum of $105,820.00 and costs of $6,181.41).

- *Macias v. Water & Power Community Credit Union*, BC515936 (Cal. Sup. Ct. Los Angeles County, April 21, 2016) (class action settlement under the RFDCPA);

- *Ranekouhi, et al. v. S.B.S. Trust Deed Network*, No. 8:15-cv-01541-CJC-JCG (C.D. Cal. June 27, 2016) (FDCPA and RFDCPA class action finally approved);

- *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Cal. Sup. Ct. San Luis Obispo Oct. 30, 2017) (RFDCPA class action finally approved);

- *Moreno-Peralta v. TRS Recovery Services, Inc*., 2017 Cal. Super. LEXIS 548 (Cal. Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action finally approved);

7

- *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (D.Utah November 9, 2017) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved);

- *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385 (Cal. Sup. Ct. Kern County, June 23, 2018) (RFDCPA class action granted final approval);

- *Calderon v. Wolf Firm, Inc.*, No. 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 159435, at *23 (C.D. Cal. Sep. 18, 2018) (FDCPA and RFDCPA class action finally approved);

- *Morrison v. Clear Management Solution,* No. 1:17-cv-00051-CW-EJF (D.Utah June 5, 2020) (FDCPA class settlement finally approved, Class Counsel awarded over $114,000 in attorney's fees and costs);

- *Rodriguez v. Cascade Collections LLC*, No. 2:20-CV-00120-JNP-DBP (D.Utah June 27, 2022) (FDCPA class action settlement granted final approval);

- *Almada v. Kriger Law Firm*, No. 3:19-cv-02109-TWR-MDD, 2023 U.S. Dist. LEXIS 15717 (S.D. Cal. Jan. 30, 2023) (FDCPA class action finally approved, establishing a common fund providing cash payments of $450 to each class member and awarding Class Counsel $240,000 in attorney's fees and costs).

- *Alfonso v. Williams & Associates, et al*., No, 2:22-cv-CDS-EJY (D. Nev. Jan. 9, 2024) (FDCPA class action finally approved)

28.    In *Medeiros v. HSBC Card Servs.*, No. CV 15-09093 JVS (AFMx), 2017 U.S. Dist. LEXIS 178484, at *38-39 (C.D. Cal. Oct. 23, 2017), the court noted "that several of the attorneys [at Kazerouni Law Group, APC] … have extensive experience in class action litigation").

29.     In *Maxin v. RHG & Co*., No. 16-CV-2625 JLS (BLM), 2018 U.S. Dist. LEXIS 26795, at *12 (S.D. Cal. Feb. 16, 2018), the court noted Kazerouni Law Group, APC's "expertise in litigating CLRA, UCL, and FAL claims").

30.     In the matter of *Holt v. Foodstate Inc.*, No. 17-cv-637-LM (D.N.H. Jan. 6, 2020), in which I served as one of Co-Class Counsel, the Court at the final approval hearing (as reflected by the hearing transcript for that matter) expressed that "Class counsel are highly qualified and experienced in consumer class actions, including false advertising claims," and further stated that Abbas Kazerounian "[h]as participated in over 50 consumer protection class action suits in the last several years and he also has received extensive training in consumer protection litigation, has given presentations on the subject, including teaching a law school course on consumer law." In a 2020 decision by Judge Cynthia Bashant in the Southern District of California, Judge Bashant found that ". . . Mr. Kazerounian [is a] skilled, experienced class action litigator[] very familiar to this Court." *McCurley v. Royal Seas Cruises, Inc.*, U.S. Dist. LEXIS 227110 (S.D. Cal. 2020).

31.     In the matter of *Barani v. Wells Fargo Bank, N.A.*, No. 12-cv-02999-GPC-KSC (S.D. Cal. March 6, 2015), the court opined that the attorneys for the plaintiff at Kazerouni Law Group, APC "are very seasoned" "in handling … class actions."

32.     My firm has a strong history of successful appellate court practice. I have presented oral argument on several occasions to the Ninth Circuit Court of Appeals, including in the following matters:

- *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014), which resulted in an order in favor of my client, reversing an order compelling arbitration;

- *Marks v. Crunch San Diego, LLC*, 2018 U.S. App. LEXIS 26883 (9th Cir.

9

2018), which resulted in an order in favor of my client on a TCPA claim in terms of the meaning of an automatic telephone dialing system;

- Three times in *Afewerki v. Anaya Law Group*, No. 15-56510 (9th Cir. April 7, 2017), *Afewerki v. Anaya Law Group*, No. 18-55100 (9th Cir. May 15, 2019), and *Afewerki v. Anaya Law Group*, No. 19-56486 (9th Cir. Jan. 21, 2021), which resulted in an order in favor of my client's FDCPA claim.

33. My firm's successful appellate practice includes, but is not limited to:

- *Flores v. Adir Int'l, LLC*, 788 F. App'x 496 (9th Cir. 2019) (affirming order denying motion to compel arbitration of my client's claims);

- *Delisle v. Speedy Cash,* 818 Fed. Appx. 608 (9th Cir. June 9, 2020);

- *Rahmany v. T-Mobile USA Inc.*, 717 F. App'x 752 (9th Cir. 2018) (reversal of order compelling arbitration of my client's claims);

- *Self-Forbes v. Advanced Call Ctr. Techs., LLC*, 754 F. App'x 520 (9th Cir. 2018) (reversal of order granting summary judgment to defendant; my firm represented the plaintiff);

- *Chen v. Allstate,* 819 F.3d 1136 (9th Cir. 2016) (affirming denial of the defendant's motion to dismiss filed against my client); and

- *Mount v. Wells Fargo Bank, N.A.,* No. B260585, 2016 Cal. App. Unpub. LEXIS 969 (Feb. 10, 2016) (affirming award of attorneys' fees to class counsel).

34. I have trial experience, both in state and federal courts, including but not limited to the following matters:

- *Richardson v. J. Pletting, et al.,* No. 5:18-cv-00961-CJC-KES (C.D. Cal.)

before Hon. Cormac J. Carney;

- *Pongsai v. American Express* – Civil Jury Trial (2021) – Lead Counsel, No. 8:19-cv-01628-DOC-JDE (C.D. Cal.) before Hon. David O. Carter;

- *Singlton v. Scott Kernan, et al*., No. 3:16-cv-02462-BAS-NLS (S.D. Cal.) (lead counsel in *pro bono* trial before Hon. Cynthia A. Bashant);

- *Alison Bastek v. Comenity Bank* (2016) Bench Trial, No. 37-2016-00017012-CU-BC-CTL, Cal. Sup. Ct. San Diego, before Judge Stauss;

- *CACH LLC vs. Ezand, Mahdad M* (August 2015) Bench Trial - Collections Case, No. 14A03873, Chatsworth Courthouse;

- *Hadsell v Madrich Law Group* (2015) – Jury Trial, No. 12CV0235-AJB(RBB), United District Court for Southern District of California before Judge Anthony Battaglia;

- *CACH LLC vs. Michael Troutman* (Sept. 2012) Bench Trial – Collections, Case Number: 37-2011-00058243-CL-R3-NC, San Diego Superior Court, before Judge Nugent;

- *Contreras v. Rent-A-Wheel* (March 2012) Jury Trial – Collections, Case Number: 37-2010-00096692-CU-CL-CTL, San Diego Superior, before Judge Lewis;

- *Counsel Press vs. Hyde & Swigart APC* (Jan. 2010) Bench Trial – Collections, Case Number: 37-2010-00083337-CL-R3-CTL, before Judge Meyer;

- *Eric Lira vs. Sweetwater School District* (2010) Jury Trial, Case Number: 37-2009-00080975-CU-PO-CTL, before Judge Blum;

- *Ayala, Elder Orlando v. Sayegh, Ramzi* (June 2007) Bench Trial – Breach of

Contract Case, Case Number: 05K05256 Los Angeles Superior Court, Dept. 81.

35.     In 2020, I was lead counsel for the plaintiff in an evidentiary hearing before the Honorable Fernando M. Olguin in the matter of *Hill v. Quicken Loans, Inc*., No. ED CV 19-0163 FMO (SPx), 2020 U.S. Dist. LEXIS 140980 (C.D. Cal. Aug. 5, 2020), in which my client prevailed in defeating a motion to compel arbitration.

36.     My firm obtained a victory in a personal injury trial in *Luz Mendez v. City of San Diego, et al*., 37-2014-00037263-CU-PA-CTL, San Diego Superior Court ($10,750,000 verdict).

37.     I have experience arguing before the Judicial Panel on Multidistrict Litigation on three occasions, including MDL No. 2907, *In re: First American Financial Corporation Customer Data Security Breach Litigation*.

38.     My firm has worked with a variety of experts in consumer-related litigation, including but not limited to the area of data analysis and damages, including for example:

- *Holt v. Foodstate, Inc.*, No. 1:17-cv-00637-LM (D.N.H. Jan. 16, 2020) (expert damages analysis by Stephen F. Hamilton, Ph.D concerning diminiuation of value of consumer products; final class action settlement approval granted);

- *Franklin v. Ocwen Loan Servicing, LLC,* No. 18-cv-03333-SI (N.D.Cal.) (expert data analysis for plaintiff by Jeffrey A. Hansen of Hansen Legal Technologies, Inc. regarding calls to cell phones and matching calls with call recordings; putative class action currently stayed);

- *Bastek v. Comenity Bank,* No. 37-2016-17012-CL-CL-CTL (Sup. Ct. San Diego) (2017) (expert for plaintiff on credit-related issues in Rosenthal Fair Credit Reporting Act case);

- *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. Sep. 5, 2014) (data analysis expert, Electronic & Speech Discovery, Inc., electronically searched scanned forms for relevant information; class certification granted);

- *Mei Hwei Lu v. American Honda Motor Co., Inc*., BC401211 (Sup. Ct. Los Angeles) (numerous experts).

39.     My firm has litigated hundreds of consumer class actions over the past six years under a variety of consumer protection statutes, such as the Telephone Consumer Protection Act, California Invasion of Privacy Act, CCP § 630, *et seq*., Unfair Competition Law, Consumer Legal Remedies Act, False Advertising Law, Fair Credit Reporting Act, Lemon Law, Fair Debt Collections Practices Act, Rosenthal Fair Debt Collection Practices Act, and other statutes and claims. Some of these cases include:

- *Burt v. Bd. of Trs. of the Univ. of R.I.*, No. 20-465-JJM-LDA, 2021 U.S. Dist. LEXIS 42059 (D.R.I. Mar. 4, 2021) (denying in part and granting in part motion to dismiss breach of contract claims involving putative class action for refund as a result of campus closure due to COVID-19);

- *Hill v. Quicken Loans, Inc*., No. ED CV 19-0163 FMO (SPx), 2020 U.S. Dist. LEXIS 140980 (C.D. Cal. Aug. 5, 2020) (denying defendant's motion to dismiss and motion to compel arbitration of TCPA case after an evidentiary hearing);

- *Meza v. Sirius XM Radio Inc.*, No. 17-cv-02252-AJB-JMA (S.D. Cal. February 25, 2020) (was co-lead counsel; obtained order denying the defendant's motion to strike class allegations and motion to dismiss complaint where defendant

challenged the constitutionality of the TCPA);

- *Holt v. Foodstate, Inc.*, No. 1:17-cv-00637-LM, 2020 U.S. Dist. LEXIS 7265 (D.N.H. Jan. 16, 2020) (finally approving class action settlement for alleged false advertising of consumable product, $2,100,000, appointed as co-lead class counsel);

- *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd*., No. 2:19-cv-02444-ODW (ASx), 2019 U.S. Dist. LEXIS 200710 (C.D. Cal. Nov. 18, 2019) (co-lead counsel; obtained order denying a defendant's motion to dismiss case for lack of personal jurisdiction where jurisdiction as based on an agency relationship);

- *Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 U.S. Dist. LEXIS 96981 (S.D. Cal. June 10, 2019) (denying defendant's motion to compel arbitration of claims for allegedly charging excessive APR; remanded on appeal to consider intervening law, decision pending; I am co-lead counsel);

- *Ronquillo-Griffin v. TransUnion Rental Screening Solutions, Inc. et al.,* No. 3:17-cv-00129-JM-BLM (S.D. Cal. May 9, 2019) (co-lead counsel in finally approving class action settlement involving claims under Cal. Pen. Code § 630, *et seq*.);

- *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (Co-lead counsel in RFDCPA class action finally approved on October 30, 2017);

- *Maxin v. RHG & Company, Inc.,* 2017 U.S. Dist. LEXIS 27374 (S.D. Cal. February 27, 2017) (co-lead counsel in finally approved class action settlement

for $900,000);

- *Hooker v. Sirius XM Radio Inc.*, 4:13-cv-00003-AWA-LRL (E.D.Va. December 22, 2016) (Served as co-lead counsel in finally approved TCPA class action settlement with a monetary fund of $35,000,000);

- *Stemple v. QC Holdings, Inc.*, 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (Co-lead counsel in TCPA Class Action which was finally approved for $1,500,000);

- *Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 U.S. Dist. LEXIS 142774, at *16 (S.D. Cal. Oct. 13, 2016) (co-lead counsel in finally approved class action settlement regarding slack fill claim);

- *Fox v. Asset Acceptance, LLC*, 14-cv-00734-GW-FFM (C.D. Cal. July 1, 2016) (co-lead counsel in finally approved TCPA class action for $1,000,000; $200,000 cash and $800,000 debt relief);

- *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Co-class counsel in certified class action under the Rosenthal Fair Debt Collection Practices Act; class action settlement finally approved on April 21, 2016);

- *Newman v. AmeriCredit Financial Services*, 11-cv-03041-DMS-BLM (S.D. Cal.) (co-lead counsel in finally approving TCPA settlement for over $6,500,000 on March 28, 2016);

- *Barrow v. JPMorgan Chase Bank, N.A.*, 1:16-cv-03577-AT (N.D. Ga) (co-lead counsel in finally approved TCPA class settlement for $2,250,000);

- *Oxina v. Lands' End, Inc.*, 3:14-cv-02577-MMA-NLS (S.D. Cal. 2016) (co-

lead counsel in finally approved settlement under California Made in the USA statute);

- *LaPuebla v. BirchBox, Inc.,* 3:15-cv-00498-BEN-BGS (S.D. Cal. 2016) (co-lead counsel in finally approved settlement in unlawful auto-renewal action, allowing class members to receive credits ranging from $5 to $20 toward future purchases);

- *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Co-lead class counsel in a settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; finally approved on March 6, 2015, for over $1,000,000);

- *Medeiros v. HSBC Bank Nevada, N.A.,* 3:14-cv-01786-JLS-MDD (S.D. Cal. 2017) (Finally approved action under Penal Code 632, *et seq*. for $13,000,000);

- *Barrett v. Wesley Financial Group, LLC*, 13-cv-00554-LAB-KSC (S.D. Cal.) (Appointed co-lead class counsel in certified TCPA action);

- *Gehrich v. Chase Bank, N.A.*, 12-cv-5510 (N.D. Cal.) (finally approved for $34,000,000 in TCPA Class Action);

- *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. Cal.) (Co-lead counsel; Class Certification granted and finally approved for $7,000,000 in TCPA Class Action);

- *Scheuerman v. Vitamin Shoppe Industries, Inc*., BC592773 (Los Angeles Superior Court) (co-lead counsel in finally approved class action settlement for up to $638,384);

- *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for

$47,000,000.00 in value to the class);

- *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS (BGS) (S.D. Cal.) (finally approved $11,973,558 in TCPA Class Action);

- *Dowlatshahi v. McIlhenny Company*, No. 30-2017-00911222-CU-NP-CXC (Sup. Ct. Orange County Oct. 10, 2018) (granting final approval to product false advertising settlement with Mr. Kazerounian as co-lead counsel);

- *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17cv2246-MMA (BLM), 2018 U.S. Dist. LEXIS 177940 (S.D. Cal. Oct. 16, 2018) (achieved class certification status on CLRA claim for alleged false advertising of restaurant surcharge; appointed as class counsel);

- *McPolin v. Credit Service of Logan*, 16-cv-116 BSJ (Utah District Court) (Co-lead counsel in FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017);

- *Luster v. Wells Fargo Dealer Services, Inc.*, 15-cv-1058 (TWT) (N.D. Ga. November 8, 2017) (TCPA class action finally approved in the amount of $14,834,058.00);

- *Moreno-Peralta v. TRS Recovery Services, Inc.*, 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (Co-lead counsel in RFDCPA class action finally approved);

- *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action and appointing Mr. Kazerounian as co-lead counsel);

- *Reid v. I.C. System, Inc.*, 2017 U.S. Dist. LEXIS 43770 (D. Ariz. March 24,

2017) (TCPA class actions finally approved in the amount of $3,500,000);

- *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oct. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015, served as co-lead counsel);

- *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (Settled for $5,350,000 and finally approved on May 12, 2015; served as co-lead counsel in TCPA Class Action);

- *Griffin v. Universal Protein Supplements Corporation d/b/a/ Universal Nutrition et al.*, No. BC613414 (Superior Court of California, County of Los Angeles) (co-lead counsel in finally approved class action settlement alleging violation of California law involving Made in USA representations);

- *Lemieux v. EZ Lube, LLC, et al.*, 12-CV-01791-JLS-WYG (S.D. Cal.) (Served as co-lead counsel in TCPA Class Action; finally approved on December 8, 2014);

- *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632, *et seq.*, for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014; served as co-lead counsel.);

- *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632, *et seq.*, for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; finally approved on August 15, 2014; served as co-lead counsel.);

- *Rose v. Bank of America Corporation et al.*, 12-cv-04009-EJD (N.D. Cal.)

(TCPA Class Action finally approved for $32,000,000 in 2014);

- *Zaw v. Nelnet Business Solutions, Inc. et al*., No. 13-cv-05788-RS (N.D. Cal.) (Co-lead counsel in finally approved in 2014 for $1,188,110 in action under Cal. Pen. Code § 630, *et seq*.;

- *Malta, et al. v. Wells Fargo Home Mortgage, et al*., 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

- *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

- *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (nationwide TCPA Class Action settlement obtaining $24.15 million; final approval granted in 2012);

- *Lo v. Oxnard European Motors, LLC, et al*., 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25 per claimant at that time; final approval granted in 2012; served as co-lead counsel);

- *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (TCPA Class Action finally approved for $39,975,000);

- *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act*

*Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Co-lead counsel for a Plaintiff in the lead TCPA Class Action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18 million);

- *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Co-lead counsel for a Plaintiff in the lead TCPA Class Action, prior to the action being recategorized through the multi-district litigation process; finally approved for $18 million);

- *Mount v. Wells Fargo Bank, N.A.*, BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000 in action under Cal. Pen. Code § 630, *et seq.*).

40.     On December 15, 2020, I was appointed Co-Lead Interim Class Counsel in a consolidated class action entitled *Vakilzadeh v. Trustees of the California State University*, Case No. 20STCV23134, in the Superior Court of California, County of Los Angeles.

41.     Kazerouni Law Group, APC has been appointed as Plaintiffs' Co-Lead Counsel and/or Class Counsel in the following data breach class actions:

- *Hellyer, et al. v. Smile Brands Inc., et al*, Lead Case: 8:21-cv-01886-DOC-ADSx (C.D. Cal. Feb. 1, 2022), which was finally approved.

- *In re Planned Parenthood Los Angeles Data Incident Litigation*, Lead Case No. 21STCV441006 (Los Angeles Superior Court, April 15, 2022), which was finally approved.

- *In re Loan Depot Data Breach Litigation*, Lead Case: 8:24-CV-00136-DOC-JDEx (C.D. Cal. April 17, 2024), which was finally approved.

42.     In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement

in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles).

43.     My firm has regularly litigated cases in state and federal courts and has reached numerous confidential seven-figure settlements against internationally known companies.

44.     Many of the cases listed above, which have settled, resulted in the creation of combined common funds and/or distribution to class member in the hundreds of millions of dollars.  The outstanding results mentioned above are a direct result of the diligence and tenacity shown by Kazerouni Law Group in successfully prosecuting complex consumer class actions.

### TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

45.     I am an adjunct professor at California Western School of Law where I teach a three-credit course in consumer law from 2014 to the present.

46.     The following is a non-exhaustive list of training conferences I have attended:

- Four-day National Consumer Law Center Conference; Nashville, TN –2008;

- Three-day National Consumer Law Center Conference; Portland, OR -2008;

- Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

- Three-day National Consumer Law Center Conference; Seattle, WA -2011;

- National Consumer Law Center Conference in 2013;

- National Consumer Law Center Conference in 2014;

- National Consumer Law Center Conference in 2015;

- National Consumer Law Center Conference in 2016;

- 3-day CAALA Conference; Las Vegas, NV in 2009, 2013, 2015, 2016;

- 3-day CAOC Conferences in 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021.

47.     As one of the main plaintiff litigators of consumer rights cases in the Southern District of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of California, Irvine, and California Western School of Law.

48.     I was the principal anchor on Time Television Broadcasting every Thursday night as an expert on consumer law generally between 2012 and 2013.

49.     I am also often called upon to give legal analysis on popular television and radio shows such as Dr. Drew Midday Live and Fox 5.

50.     In addition to attending the above conferences, I also was a speaker or panelist at the following non-exhaustive list of conferences, seminars, or webinars:

- Speaker at ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013;

- Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013;

- Spoke at the 2014 ACA Conference in November 2014;

- Speaker at ACI Conference in Dallas, TX in September of 2016 concerning The Borrower's Perspective: Insight From The Plaintiff's Bar and Consumer Advocates;

- Speaker on TCPA panel in September of 2016 at the Annual Consumer Financial Services Conference.

- Lectured on Class Action Trends at the CAOC 2015 Conference in San

Francisco.

- Lectured in a webinar, ABA Telephonic Brown Bag re: TCPA, on August 25, 2015.

- I lectured on the TCPA before the ABA Business Law Section, Consumer Financial Services Committee at an event in Utah entitled, "Impact of the FCC's 2015 Rulings on TCPA Litigation." in January 2016

- In March of 2016, I moderated the Judges Panel on Class Action Trends and Federal Litigation Trends at the NCLC Conference.

- In May of 2016, I spoke on Class Action Trends at the CAOC seminar in Palm Springs, California.

- I spoke on privacy rights on a panel before the California State Bar Convention in 2016.

- I spoke at the 22nd National Forum on Residential Mortgage Litigation & Regulatory Enforcement conference on January 22, 2017.

- Presented at the 2017 CAOC seminar in Palm Springs, California.

- Speaker at national webinar on June 7, 2017 for the CAOC, entitled, "Understanding the Fair Debt Collection Practices Act", and again on August 1, 2018.

- In August of 2018, I was one of three presenters on another national webinar on the TCPA titled "From Both Sides: Plaintiff and Defense Perspective on the TCPA".

- In August of 2018, I was one of two presenters on a national webinar on the TCPA titled "TCPA Takes a New Turn With the 9th Circuit's Ruling in *Marks*

*v. Crunch San Diego, LLC*."

- Speaker at National Webinar by the ABA Consumer Financial Services Committee on TCPA Update – "The D.C. Circuit's TCPA Decision on the FCC Ruling, held on March 22, 2018.

- Spoke at 2018 Inland Empire CAOC Convention on "Class Action Hot Topics" - May 2018.

- On January 11, 2019, I spoke on a panel entitled "TCPA Litigation: Where is it Heading Now?" at the 2019 Annual American Bar Association Conference in Miami.

- I spoke on the FDCPA at National Consumer Law Center's National Convention in Las Vegas in March, 2019.

- Spoke on "The interplay between Personal Injury and Class Actions" at the CAOC Sonoma Seminar 2019.

- Presented at Mass Torts Made Perfect on Modern Trends in the TCPA in April of 2019.

- Speaker at the CAOC Inland Empire Seminar in Palm Springs on "Dealing with Overly Ambitious Lien Holders, on May 2, 2019.

- Speaker for the California Lawyers Association March 3, 2020 Webinar on "Recent Developments in Internet and Privacy Law Affecting California Consumer Financial Service Providers" presented by the Internet and Privacy Law Committee; and the Consumer Financial Services Committee.

- Speaker at San Diego Law School Class Action Forum 2020 on Consumer Class Actions in March 2020.

- Speaker for a webinar for CAOC on April 21, 2020 on "Data Breach Basics."

- Speaker for MTMP (Mass Torts Made Perfect) Connect Webinar Series on Class Action Data Breaches – June 4, 2020.

- Speaker at MTMP Class Action Track – October 14, 2020 on "Nuts & Bolts of Mediating a Class Action"

- Speaker at 2021 Palm Springs Seminar Panel on Hot Topics In Mass Tort And Class Actions: What You Don't Know Might Get You Burned on "Recent Developments in Labeling Class Actions."

- Participant in Zoom webinar for the ARM Industry, Post-*Hunstein*, Legal and Operational Insights and a Discussion Amongst Plaintiff's Attorneys (April 29, 2021).

- Speaker at 2021 CAOC Sonoma Virtual Conference on Nuts & Bolts of Fighting Arbitration.

- Speaker at 2021 CAOC San Franscisco conference on Using Arbitrations as a Sword.

- Speaker at 2022 CAOC Sonoma Seminar on March 11, 2022 on "Use of Technology in Litigation In the Pandemic Age."

- Speaker at the 2022 NCLC Conference in Orlando, Florida on "Understanding the FDCPA" in May 2022.

- Speaker at October 2022 Mass Torts Made Perfect Conference on Nuts & Bolts of Mass Arbitrations.

- Speaker at the 2022 CAOC Annual Convention on Hot Topics Surrounding Consumer Class Actions.

25

- Speaker at the March 2023 CAOC Sonoma Seminar on Recent Trends in Mass Torts and Class Actions.

- Speaker at the April 2023 Mass Torts Made Perfect Conference on Mass Arbitrations.

- Speaker on July 2023 Vimeo Webinar regarding Attorney Update on Regulation F.

- Speaker at the October 2023 Mass Torts Made Perfect Conference on Class Action Structures and Service Awards that Pass Muster.

- Speaker at the 2023 National Consumer Law Center National Conference on TCPA Developments.

- Speaker at the 2024 CAOC Conference in Sonoma on Pre-Trial Nuts and Bolts of Federal Litigation March 2024.

- Speaker at the April 2024 MTMP – Mediation of Complex Cases

- Speaker a "A Conversation with Plaintiff's Attorneys" on Accounts Recovery National Webinar" in July 2024

- Speaker/Moderator at Consumer Attorneys of California (CAOC) Napa/Sonoma Travel Seminar on "Mediation: All You Wanted To Know But Were Afraid To Ask" in March 2025

- Speaker at Consumer Attorneys of California (CAOC) Palm Springs Seminar on "Mediation Mastery: The Latest Strategies for Successful Negotiations" on May 2, 2025.

- Speaker at Practising Law Institute's Hot Topics in Advertising Law 2025 on "Class Action Quicksand: Avoiding Common Traps for Advertisers" on June

3, 2025.

51.     I have also been published several times, including but not limited to the following publications:

- I wrote an entitled, *Principles of Litigating Consumer Class Actions*, was published in the February 2015 Edition of the Advocate.

- In 2016, I wrote an article entitled "*Finding a Balance*" that was published in the Nutrition Business Journal, concerning a lawsuit filed under the Racketeer Influenced and Corrupt Organization Act.

- I was published in the Daily Journal in September of 2016, with the title, "*The FDCPA: The Forgotten Statute*."

- I wrote an article entitled, *Collateral Damage, Beyond the personal injury: When creditors and collection agencies stalk your client*, published in the September 2017 edition of Plaintiff magazine.

- I wrote an article entitled, *Finding a Balance,* published in the Nutrition Business Journal, Special Edition, 2016.

- I wrote an article entitled, *The Impact of Epic Systems Corp. v. Lewis: How Arbitration Will Impact Consumers Going Forward*, The Travel Magazine, 2018.

- I wrote an article entitled, *Fundamentals of Claim Representatives in Class Actions*, Forum Magazine 2024.

52.     In September 2017, I was honored to receive the 2017 Distinguished Alumnus of the Year Award from California Western School of Law, which is presented to alumni who distinguish themselves in their professional life and who embody high ethical standards and

27

commitment to community service.

53.     I was selected for membership into The National Trial Lawyers: Top 40 Under 40 in 2016, 2017 and 2018.  Likewise, my co-counsel Mona Amini was also chosen for membership into The National Trial Lawyers: Top 40 Under 40 in 2022 and 2023.

54.     I was named Rising Star by San Diego Daily Tribune in 2012.

55.     I was named a Super Lawyer by Super Lawyers Magazine beginning in 2016 through present. I was selected as a Rising Star in Super Lawyers Magazine in 2013, 2014 and 2015.   Similarly, my colleague Ms. Amini was also selected by selected by Super Lawyers in 2021-2025 for its list of Southern California Rising Stars, an honor reserved for those lawyers who exhibit excellence in practice. Only 2.5% of attorneys in Southern California receive this distinction.

56.     I was named among Top 50 Attorneys in Orange County and Top 100 in Southern California by Super Lawyers Magazine from 2021 through present.

57.     I am a member in good standing of the following local and national associations:

- American Bar Association;

- Consumer Attorneys Association of Los Angeles;

- Consumer Attorneys of California – Executive Committee; 3rd Vice-President;

- Federal Bar Association;

- National Association of Consumer Advocates;

- Orange County Bar Association;

- Orange County Trial Lawyers Association;

- Served twice as the President of the Orange County Chapter of the Iranian

American Bar Association;

- The Leading Forum of the American Association of Justice;

- Public Justice Foundation.

## CONTINGENT NATURE OF THE ACTION

58. Class Counsel's hourly rates include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office, and other overhead expenses. FDCPA litigation inevitably involves large corporations, which have the capacity to bring enormous resources to bear that individual consumers are simply unable to meet on their own. Collection companies vigorously resist settling cases. Thus, if plaintiffs' attorneys are not compensated at a rate that allows them to maintain the technological – as well as intellectual and professional resources – to match corporate defendants' exhaustive resources, consumers simply cannot prevail. Few attorneys have the means and ability to take these cases, and if those that do so are not compensated at a rate that allows them the chance of prevailing on behalf of consumers, these cases will not be brought, and the remedial purpose of this legislation will fail.

59. Unfortunately, there are very few attorneys who regularly represent plaintiffs in cases involving the FDCPA. This is most likely due to the specialized and complex nature of the statute and case law and due to the relative financial resources of the respective parties, whereby the consumer is often forced to "match resources" with the defendant and litigate his or her rights up to, and sometimes through, trial.

60. The average consumer does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that we have taken on this matter entirely on a contingency fee basis, advanced all litigation costs, and did not charge the consumer one penny up front, taking on the significant risk of non-payment. My firm undertook this matter entirely on a contingency

fee basis.  This action has required Kazerouni Law Group, APC to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my time as well as my firm's resources. My firm has not been paid anything for our work on this case since it was filed.  It is my opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs my firm must advance in order to litigate such cases.

61.    Class Counsel filed this action on behalf of Plaintiff and the putative class over 18 months ago, in May 2024, with the knowledge that Class Counsel would be required to devote numerous hours of work to the case with no guarantee of success. Class Counsel prosecuted this matter on a purely contingent basis while agreeing to advance all necessary expenses knowing that Class Counsel would only receive compensation if there was a recovery. Thus, if the case were to be lost, we would not get paid.  This alone would justify a fee rate well in excess of the fees we charge for doing hourly work.

62.    Kazerouni Law Group, APC's hourly rates are reasonable.  The hourly rates Class Counsel have requested in this action are commensurate with the experience and training of Class Counsel, as detailed above. Class Counsel's hourly rate has steadily risen over time, and different rates have been approved based on the complex or non-complex nature of the litigation.

## REASONABLENESS OF CLASS COUNSEL'S HOURLY RATES

63.    Kazerouni Law Group, APC's hourly rates are reasonable.  The hourly rates Class Counsel have requested in this action are commensurate with the experience and training of Class Counsel, as detailed above. Class Counsel's hourly rate has steadily risen over time, and different rates have been approved based on the complex or non-complex nature of the litigation.

64.     The hourly rates requested by Class Counsel in this Action have been previously approved by other state and/or federal courts, including in the following matters: *In re loanDepot Data Breach Litigation*, No. 8:24-cv-00136-DOC-JDE (C.D. Cal. Aug. 25, 2025) (finally approved class action settlement, approving hourly rates of $1,075 for Abbas Kazerounian and $725 for Mona Amini); *Hillbom v. R1 RCM, et al.*, No. 2:24-cv-00664-JAD-EJY (D. Nev. Nov. 14, 2025) (finally approved class action settlement, approving hourly rates of $1,075 for Abbas Kazerounian, $725 for Mona Amini, and $395 for Gustavo Ponce).

65.     In light of the above, I respectfully submit that this firm spent time and utilized skill, careful and thorough preparation, and investigation through litigation necessary to reach a favorable result for the Plaintiff and to confer the Settlement's benefits for the Settlement Class.

### Kazerouni Law Group, APC's Lodestar

66.     After carefully reviewing my firms billing records, I determined that my firm's fees were reasonably incurred in litigating this Action to a successful resolution.

67.     Kazerouni Law Group, APC has maintained contemporaneous time records since the commencement of this action.

68.     To date, Kazerouni Law Group, APC has incurred a total of 137.3 hours of attorney time for this case, for a total lodestar of $83,438.50, as summarized below:

| Kazerouni Law Group, APC | | | | |
|---|---|---|---|---|
| **Name** | **Professional Level** | **Billing Rate** | **Total Hrs.** | **Lodestar** |
| Abbas Kazerounian | Partner | $1,075 | 19.8 | $21,285.00 |
| Mona Amini | Partner | $725 | 47.7 | $34,582.50 |
| Gustavo Ponce | Associate | $395 | 69.8 | $27,571.00 |
| | | **Total:** | **137.3** | **$83,438.50** |

69.     Although Kazerouni Law Group, APC has billed time resulting in a total lodestar greater than the aggregate amount provided in the Settlement Agreement for Class Counsel's

attorney's fees and costs, in order to obtain this favorable Settlement for Plaintiff and the Class, Class Counsel agrees to take a reduction on aggregate amount of attorney's fees and costs requested to be awarded in this Action down to the total amount of $90,000.00, as provided in the Settlement Agreement.

70.     The work performed by Class Counsel to date includes (1) developing case strategy, (2) investigating Plaintiff's claims, researching, and filing the Complaint, (3) drafting and negotiating the Settlement Agreement, Notice documents, and other exhibits, (4) obtaining and comparing bids from settlement administrators (5) drafting the preliminary approval motion papers and securing preliminary approval of the Settlement, (6) researching and preparing Plaintiff's response to an objection to the Settlement, and (7) drafting the instant Motion for Attorney's Fees, Costs, and the Incentive Award for the Class Representative.

71.     Additional work will be required beyond the instant Motion and through the date of final approval as Class Counsel must still: (1) prepare for and attend the final approval hearing, including finalizing the motion and responding to any objections, (2) respond to inquiries from Settlement Class Members, (3) oversee the Settlement through final approval and distribution of settlement benefits, (4) oversee the settlement administration process, and, if needed, and (5) address any objection  or appeals. Class Counsel intend to provide the Court with additional information concerning the hours expended prior to the Final Approval Hearing.

72.     Throughout this litigation, my co-counsel and I have strived to represent Plaintiff and the Settlement Class Members fairly, responsibly, vigorously, and adequately in this action. I believe we have been successful in that endeavor thus far and shall continue in this vein.

**<u>Kazerouni Law Group, APC's Costs</u>**

73.     To date, my firm has incurred unreimbursed litigation costs in this matter in the amount of $682.34 prior to the filing of Plaintiff's Motion for Final Approval.  Specifically, my firm's costs incurred in this Action are comprised of the following:

| Category/Description | Costs |
|---|---|
| Process Server Fees | $ 95.00 |
| Court Filing Fees | $531.00 |
| Notary Service Fee | $ 25.00 |
| Postage/Mailing Costs | $ 31.34 |
| **Total:** | **$682.34** |

74.     Class Counsel respectfully submit that these costs were reasonably necessary for the prosecution and ultimate successful resolution of this litigation and were incurred by Class Counsel for the benefit of Settlement Class Members, and there was no guarantee that they would be reimbursed in light of the contingent nature of this Action.

75.     Based upon my review of my firm's lodestar and costs described above, as well as the lodestar and costs of co-Class Counsel, Matthew McKenna of Shield Law, Class Counsel's aggregate attorney's fees and costs incurred in this matter totals $111,745.84, comprised of a total lodestar of $101,558.50 and total costs of $1,087.34.

76.     Class Counsel will continue to commit the necessary resources and time to represent the interests of the Settlement Class.  Kazerouni Law Group, APC will commit multiple lawyers and support staff, as necessary, to the case, including my fellow partner, Mona Amini, and associate Gustavo Ponce, as well as Matthew McKenna from Shield Law, LLC, who have been involved in the litigation since its inception to date. Kazerouni Law Group, APC also has the financial resources to represent Plaintiff and the Settlement Class through the conclusion of this matter.

77.     Class Counsel have considered the expense, complexity, and delay associated with continued litigation. Class Counsel carefully analyzed the settlement considering the parties' respective positions and determined that the immediate, certain, and settlement payments offered by Defendant to resolve this matter are fair, reasonable, and adequate relief to the Settlement Class.

78.     Based on my experience with similar class actions, including class action settlements in FDCPA cases and my investigation, research, and knowledge of the specific facts and legal issues in the Action, I believe that the Settlement Agreement is fair, reasonable, adequate, and warrants final approval.  Class Counsel will provide further briefing in support of final approval per the Settlement Agreement and Preliminary Approval Order for the Court's consideration in advance of the Final Approval Hearing.

## Incentive Award

79.     As set forth in Plaintiff's Motion for Award of Attorney's Fees, Costs, and Incentive Award, Plaintiff is applying for and respectfully requests the Court to grant an Incentive Award of $2,500.00, as agreed upon by the parties in the Settlement. Plaintiff has been active in this litigation since its inception and provided critical information to Class Counsel, which made the successful litigation of this matter possible, subjected himself to public attention by lending his name to this action and has actively engaged in this action.  Plaintiff's efforts include, for example: time spent in pre-suit investigation, reviewing documents including the complaint and the settlement agreement, reviewing motions, submitting his declaration in support of the motion for preliminary approval, and willingness to proceed with litigation of this case through to a trial if necessary. *See* ECF No. 28-2, Declaration of Mahlon Oie ¶ 8.

80.     Based on Plaintiff's involvement in the case, including lending her name to this case and her  time and effort spent in this lawsuit to represent the putative class members and bring

the Settlement Class Members the benefits provided by this Settlement, and in comparison to service awards or incentive awards granted by other courts for a class representative's involvement in similar litigation, Class Counsel submits that the Incentive Award of $2,500.00 is justified in this case, fair, and reasonable.

I declare under penalty of perjury under the laws of the State of Wisconsin and the United States of America that the foregoing is true and correct. Executed on December 5, 2025.

_/s/Abbas Kazerounian_
Abbas Kazerounian, Esq.
*Attorney for Plaintiff and the Settlement Class*