**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

MAHLON OIE, individually and on
behalf of all others similarly situated,

        Plaintiff,

        v.                                    Case No.: 2:24-cv-00672-LA

HUSCH BLACKWELL LLP,

        Defendant.

**RESPONSE OF CLASS MEMBER
KAREN MARTINELLI TO DOC. 40**

**I.    MARTINELLI IS A "CONSUMER" WITHIN THE FDCPA**

Defendant Husch Blackwell has filed a response to Karen Martinelli's objection in which it asserts that Karen Martinelli is not a "consumer" entitled to the protection of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") because she owed the alleged debt as trustee of a personal trust. This argument is simply wrong.

Both the FDCPA and the Truth in Lending Act ("TILA") apply to debts incurred by natural persons for personal, family or household purposes. The relevant definition in TILA is in 15 U.S.C. §1602(i), which states that "consumer" requires a "natural person" and that "the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." The FDCPA, 15 U.S.C. §§1691a(3) and (5), similarly requires a "natural person" and "a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." (TILA requires an extension of credit while the FDCPA is broader and applies to any consumer-purpose debt regardless of whether an extension of credit is involved, but both require a "natural person," so this difference is not material for present purposes.)

1

The regulations implementing the Truth in Lending Act expressly provide that a personal trust established by a natural person is treated as a natural person and not an organization. The Official Interpretations to Regulation Z, which is itself a regulation issued pursuant to notice and comment rulemaking, at 12 C.F.R. part 1026 Supp. I, par. 3(a)10, states:

> 10. Trusts. Credit extended for consumer purposes to certain trusts is considered to be credit extended to a natural person rather than credit extended to an organization. Specifically:
>
> i. Trusts for tax or estate planning purposes. In some instances, a creditor may extend credit for consumer purposes to a trust that a consumer has created for tax or estate planning purposes (or both). Consumers sometimes place their assets in trust, with themselves or themselves and their families or other prospective heirs as beneficiaries, to obtain certain tax benefits and to facilitate the future administration of their estates. During their lifetimes, however, such consumers may continue to use the assets and/or income of such trusts as their property. A creditor extending credit to finance the acquisition of, for example, a consumer's dwelling that is held in such a trust, or to refinance existing debt secured by such a dwelling, may prepare the note, security instrument, and similar loan documents for execution by a trustee, rather than the beneficiaries of the trust. Regardless of the capacity or capacities in which the loan documents are executed, assuming the transaction is primarily for personal, family, or household purposes, the transaction is subject to the regulation because in substance (if not form) consumer credit is being extended. . . .

In interpreting the definitions under the FDCPA, courts have looked for guidance to cases interpreting analogous provisions of the TILA. *Bloom v. I.C. Systems, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992); *Graham v. Manley Deas Kochalski LLC,* 08cv20, 2009 U.S. Dist. LEXIS 27122, *20, 2009 WL 891743 (S.D.Ohio, March 31, 2009); *Garcia v. Jenkins/Babb LLP,* 3:11cv3171, 2013 U.S. Dist. LEXIS 172457, *17 (Oct. 29, 2013).

Accordingly, a debt owed by a personal trust created by a consumer for personal, family or household purposes is treated as a debt owed by the consumer who created the trust. *Gilliam v. Levine*, 955 F.3d 1117, 1123 (9th Cir. 2020) (TILA regulation applied under California Rosenthal Act, which has definitions tracking those of FDCPA); *O'Donnell v. Vial Fotheringham LLP,* . 3:19cv00579 2020 U.S. Dist. LEXIS 204603, *6 (D.Ore Sept. 15, 2020), adopted, 2021 U.S. Dist. LEXIS 33575,

2021 WL 710725 (D.Ore. Feb. 22, 2021) (under FDCPA).. Ms. Martinellli is a "consumer" and a class member, and has the right to object to an unfair settlement of her rights.

## II. MARTINELLI'S SUCCESSFUL OBJECTION TO STANDING DOES NOT AUTHORIZE THE EXTINGUISHMENT OF ANYONE'S CLAIMS WITHOUT PROPER COMPENSATION

Husch Blackwell admits that the $500,000 FDCPA damage cap applies to this case. (Doc. 40, p. 3) However, Husch Blackwell also asserts that Martinelli's "argument that the Court lacked standing and the Court's ruling on the matter is a compelling reason as to why class members under the proposed settlement did not get the full statutory penalty." (Doc. 40, p. 2)

The class members are actually getting 1.8% of the maximum statutory damages. The parties to the settlement admit that they compromised a claim for 1.8% of its maximum value based on a likelihood that federal jurisdiction is lacking or would be difficult to establish without extensive individual inquiry into the circumstances of each class member.

Martinelli submits that a very low settlement cannot be justified by an absence of federal jurisdiction or the inability to certify a class, and that this is a "compelling reason" for rejecting the settlement, not approving it.

## III. OTHER MATTERS RAISED BY HUSCH BLACKWELL

Husch Blackwell complains that Section 12.6 of the Settlement Agreement requires in the objection "the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else.," and that Martinelli's objection does not disclose any such cases. Martinelli has never objected to a class settlement, and there was nothing to disclose.

Respectfully submitted,

By: /s/ *Heidi Miller*
    Heidi Miller (#1087696)

Heidi Miller (#1087696)
**HNM LAW, LLC**
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

*/s/Daniel A. Edelman*
Daniel A. Edelman (#0712094)

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
Dedelman@edcombs.com

ATTORNEYS FOR MARTINELLI

## **CERTIFICATE OF SERVICE**

      Daniel A. Edelman certifies that on December 30, 2025, this document was filed via ECF, causing a copy to be sent to all counsel of record.

                                    */s/ Daniel A. Edelman*
                                    Daniel A. Edelman