UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MAHLON OIE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSCH BLACKWELL LLP,<br><br>Defendant. | Case No.: 2:24-cv-00672-LA |

**PLAINTIFF'S RESPONSE TO OBJECTION OF KAREN MARTINELLI (ECF # 34-35) AND RESPONSE OF KAREN MARTINELLI TO DOC 40 (ECF # 41)**

Plaintiff Mahlon Oie ("Plaintiff") hereby submits the following response to the objection filed by Karen Martinelli. (ECF Nos. 34, 35).

### I. The Objection Should Be Overruled Because Karen Martinelli is Not a Settlement Class Member and Lacks Standing to Object to this Settlement

The Settlement Class is defined as:

> All individuals who were sent an initial written communication by Defendant in an attempt to recover sums due between May 30, 2023 and May 30, 2024.

*See* ECF No. 30, Prelim. Approval Order, ¶ 3.

Based on the Settlement Class defined above, according to Defendant, Class Counsel's review of the Class List provided by Defendant, and the Settlement Administrator's records related to the Class Notice, **Karen Martinelli is not a Settlement Class Member**.[1] Further, to the extent

---

[1] Other than the objection's assertion that Ms. Martinelli is a Settlement Class Member, neither Ms. Martinelli's Objection (ECF No. 34) nor Ms. Martinelli's Amended Objection (ECF No. 35) includes documents sufficient to establish she is a Settlement Class Member (*e.g.,* a copy of the Mail Notice sent to Settlement Class Members).

Karen Martinelli has submitted her objection on behalf of The Martinelli Trust (which is not specifically stated in the objection)[2], a trust is also not an "individual" falling within the Settlement Class definition, and thus not a Settlement Class Member either. Even if Ms. Martinelli falls under the FDCPA's definition of a "consumer" (which is an issue more relevant to Ms. Martinelli's case rather than this Action), Ms. Martinelli does not fall within the definition of the Settlement Class in this Action. Because Ms. Martinelli is not a Settlement Class Member, and therefore not an individual bound by the terms of the Settlement, Ms. Martinelli has no standing to object to the Settlement. Defendant does not intend to release Ms. Martinelli's claims in the Settlement in this Action and Ms. Martinelli will not be impacted by the final approval of the Settlement.

Accordingly, Ms. Martinelli's objection should be overruled on this basis alone, without need for the Court to delve further into the objection.

**II. The Objection Misconstrues the Cap on Statutory Damages for a Class Action Under the FDCPA and Does Not Render the Settlement Unfair, Outside the Range of Reasonableness, or Inadequate**

The objection incorrectly argues that the Settlement Class is entitled to the statutory maximum of the lesser of $500,000 or 1% of Defendant's net worth. (ECF No. 35, Objection at 1–3.) This is simply inaccurate and a misunderstanding of the FDCPA.

In the case of a class action, the FDCPA provides that a court **"may allow"** statutory damages **"not to exceed"** the lesser of $500,000 or 1% of net worth. *See* 15 U.S.C. § 1692k(a)(2)(B). The plain text of the statute provides a statutory limit and not a baseline for statutory damages liability in a FDCPA class action. Notably, in the case of an action by an individual under the FDCPA, the statute does not include a *minimum* amount of statutory or actual

---

[2] It is Class Counsel's understanding that Ms. Martinelli's own lawsuit against Husch Blackwell, LLP pending in the Circuit Court for Milwaukee County, Case No. 2024CV008114, is brought by Karen Martinelli "individually and as Trustee of The Martinelli Trust, dated June 23, 1994."

damages. *See* 15 U.S.C. § 1692k.

Here, Defendant has agreed to provide Settlement Awards of $30.00 to each Settlement Class Member, without the need for a Settlement Class Member to submit a claim, which is an excellent result as: (1) the value offered is a compromise of the maximum statutory damages each Settlement Class Member could receive in this matter, which would otherwise be highly contested and require vigorous litigation efforts, and (2) the value offered is comparable or better when compared to other similarly approved settlements. Indeed, courts routinely approve settlement awards less than the maximum potential statutory damages for a claim under the FDCPA, particularly where liability risks or litigation uncertainties are present, as it is in any litigation. *See, e.g., Acosta v. Patenaude & Felix*, No. 19-cv-954-CAB-BGS, 2020 U.S. Dist. LEXIS 165852, at *13 (S.D. Cal. Sep. 10, 2020) (finally approving a $3 settlement payment to class members in a FDCPA case); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 684 (N.D. Cal. 2016) (finally approving approximate $14 payment to each of the 930 settlement class members for violation of Section 1692g(a)(4) of the FDCPA); *Calderon v. Wolf Firm, No*. SACV 16-1266-JLS (KESx), 2018 U.S. Dist. LEXIS 42054, at *5 (C.D. Cal. Mar. 13, 2018) (approving payment of $15.66 to each of the 114 class members for FDCPA and California Rosenthal Act violation); *Salazar v. Midwest Servicing Grp., Inc*., No. CV 17- 0137 PSG (KSX), 2018 U.S. Dist. LEXIS 172934, 2018 WL 4802139, at *4 (C.D. Cal. Oct. 2, 2018) (approving award of $20.00 per class member); *Chapman v. Downman, Heintz, Boscia & Vician, P.C.,* 2016 U.S. Dist. LEXIS 128264, at *4 (N. D. Ind. June 13, 2016) (each class member will receive $17.21); *Whitford v. Weber & Olcese, P.L.C.,* 2016 U.S. Dist. LEXIS 4503, at *4 (W. D. Mich. Jan 11, 2026) (awarding $10 per class member).

The Settlement is a compromise taking into consideration the risks, uncertainty, delay, and costs of continued litigation, and the fact that a proposed settlement may only amount to a fraction of the potential maximum recovery does not mean that the proposed settlement is inadequate and should be disapproved. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998); citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n. 2 (2nd Cir. 1974). "The dollar amount of the settlement by itself is not decisive in the fairness determination. The fact that the settlement amount may equal but a fraction of potential recovery does not render the settlement inadequate. Dollar amounts are judged not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 933 (E.D. Mich. 2007); citing *In re Agent Orange Product Liability Litigation*, 597 F. Supp. 740, 762 (D.C.N.Y. 1984), aff'd in part and rev'd in part on other grounds, 818 F2d 226 (2d Cir. 1987); citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172-73 (4th Cir. 1975); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir. 1974)); *IUE-CWA v. GMC*, 238 F.R.D. 583, 596 (E.D. Mich. 2006) (Settlements involve compromise, and "[c]ourts routinely recognize that settlements never equal the full value of the loss claimed by the plaintiffs." … "The reason is that, '[a] just result is often no more than an arbitrary point between competing notions of reasonableness,' (quoting *In re Corrugated Container Antitrust Litig. (II)*, 659 F.2d 1322, 1325 (5th Cir. 1981)). In assessing the settlement, the court must determine whether it falls within this 'range of reasonableness,' and 'not whether it is the most favorable possible result in the litigation.'" *Int'l Union, UAW v. Ford*, Nos. 05-74730, 06-10331, 2006 U.S. Dist. LEXIS 70471 at * 60, 2006 WL 1984363, at *21 (E.D. Mich. July 13, 2006)).

//

//

### III. The Court Has Already Determined the Settlement Satisfies the Requirements of Rule 23 and Found the Settlement to Be Fair, Reasonable, and Adequate

The Court has already preliminarily determined that the Settlement satisfies Rule 23's requirements. Further, the Court's Preliminary Approval Order stated, "The Settlement Agreement … is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members." *See* ECF No. 30, Preliminary Approval Order, ¶ 2.

As discussed above and detailed in Plaintiff's Motion for Preliminary Approval (ECF No. 28 at pp. 2–4), Class Counsel took into consideration and weighed the strength of Plaintiff's case against various inherent litigation risks, and the time and expense of protracted litigation, as well as approved settlement awards in similar cases, and ultimately determined that the Settlement compared favorably and was in the best interest of the Settlement Class. Given Class Counsel's extensive experience in litigating similar cases (*see* ECF No. 28-1, ¶¶ 31-67), they are well positioned to assess the risks of continued litigation and benefits obtained by the Settlement. The Court also independently reviewed the Settlement, and in considering whether to approve a settlement, District Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982).

The objection does not identify any deficiency under Rule 23, and the objection does not challenge the adequacy of Notice to the Settlement Class Members, the adequacy of Plaintiff as the Class Representative or Plaintiff's Counsel as Class Counsel, the release in the Settlement Agreement, or the superiority of class treatment. Rather, the sole basis for the objection appears to be the amount of the Settlement Class Members' recovery, which the Court has already found to be fair, reasonable, and adequate and "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980).

## IV. Conclusion

Based on the above, the record in this Action, and as further discussed in Plaintiff's Motion for Final Approval (ECF No. 37), Plaintiff respectfully requests that the Court overrule the Objection submitted by Karen Martinelli and grant final approval of the Settlement.

Dated: December 31, 2025                    Respectfully submitted,

By: /s/ Mona Amini
Abbas Kazerounian, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

*Attorneys for Plaintiff and the Settlement Class*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 4(b), I hereby certify that I am an employee of Kazerouni Law Group, APC, and that on this 31st day of December 2025, the foregoing **RESPONSE TO OBJECTION OF KAREN MARTINELLI** to be served through the Court's CM/ECF system to those persons designated by the parties that have appeared in the matter.

Dated: December 31, 2025                    Respectfully submitted,

By: /s/ Mona Amini
Abbas Kazerounian, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Matthew McKenna, Esq. (Bar No. 1136438)
SHIELD LAW, LLC
237 South St. Unit 110
Waukesha, WI 53186
Telephone: (262) 420-5953
Facsimile: (508) 588-7303

*Attorneys for Plaintiff and the Settlement Class*