UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAHLON OIE, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

HUSCH BLACKWELL LLP,

        Defendant.

Civil Action No. 2:24-cv-00672-LA

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On June 3, 2025, plaintiff Mahlon Oie and defendant Husch Blackwell LLP entered into a class action settlement agreement, which is subject to review under Fed. R. Civ. P. 23. On August 13, 2025, plaintiff filed a Motion for preliminary approval of class action settlement and certification of settlement class. ECF No. 28. The motion was unopposed. On August 25, 2025, upon consideration of the agreement, preliminary approval motion, and the record in this action, I entered an order of preliminary approval of class action settlement. ECF No. 30. On December 29, 2025, plaintiff filed a motion for final approval of class action settlement. In the final approval motion, plaintiff requested, *inter alia*, final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed settlement. On January 5, 2025, I held a final approval hearing pursuant to Fed. R. Civ. P. 23 to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the settlement class members and should be approved. I have read and considered the agreement, final approval motion and the record, including the objection. I have determined that the settlement should be

approved.

         **NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **JURISDICTION:** I have jurisdiction over the subject matter and all settling parties. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

2. **SETTLEMENT CLASS MEMBERS:** Pursuant to Fed. R. Civ. P. 23(b)(3), the action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following settlement class members:

   > All individuals who were sent an initial written communication between by Defendant in an attempt to recover sums due between May 30, 2023, and May 30, 2024.

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:** Pursuant to Fed. R. Civ. P. 23, plaintiff Mahlon Oie is the Class Representative; and plaintiff's counsel Abbas Kazerounian, Mona Amini, Gustavo Ponce, of Kazerouni Law Group, APC, and Matthew McKenna of Shield Law, LLC, are certified as class counsel.

4. **NOTICE PROCESS:** Pursuant to the my preliminary approval order, the settlement administrator, Simpluris, Inc., has complied with the approved notice process as confirmed in its declaration. The form and method for notifying the settlement class members of the settlement and its terms and conditions was in conformity with my preliminary approval order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. I find that the notice process was designed to advise the settlement class members of their rights. Further, I find that the settlement is finally approved, and the notice process set

2

Case 2:24-cv-00672-LA     Filed 02/13/26     Page 2 of 5     Document 47

forth in the settlement agreement was followed and that the process was the best practicable procedure under the circumstances.

5. **FINAL CLASS CERTIFICATION:** I find that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3). I find that the settlement of the action, on the terms and conditions set forth in the settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settlement class members, especially in light of the benefits to the settlement class members, the strength of plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

6. **SETTLEMENT TERMS:** The settlement agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the settlement agreement include, but are not limited to, the following:

- The settlement administrator shall pay each of the settlement class members, who did not timely submit an opt-out request excluding themselves from the settlement, a settlement award in the sum of $30.00 from the settlement fund established by defendant, in the manner specified in the agreement;

- The settlement administrator shall pay from the settlement fund the sum of $2,500.00 to the named plaintiff or class representative, payable through class counsel, as an incentive award for bringing and participating in this action;

- The settlement administrator shall be paid the sum of $10,929.00 by defendant for its costs and fees incurred for the cost of notice and settlement administration and any amounts advanced by defendant for those purposes shall be credited and refunded to them from the settlement fund; and

- The settlement administrator shall pay to class counsel the sum of $90,000.00 for attorneys' fees and costs incurred in litigating this action, in the manner specified in the agreement.

- This agreement has no effect on any debt whatsoever. The parties understand and agree that this agreement and any terms herein shall not affect in any regard any debt or obligation owed or not owed, if any, by plaintiff or settlement class members to any home owner associations. This agreement does not operate to substantiate, create, affirm, waive, extinguish, terminate, reduce, or affect any debt or obligation owed or not owed by plaintiff or any class member, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to any home owner associations, to the extent such right exist. The agreement and any and all payments to settlement class members that may arise from the agreement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts of settlement class members may owe to in regards to any home owner associations.

7. **EXCLUSIONS AND OBJECTIONS:** A total of zero (0) Opt-Out Requests were received. Thus, no settlement class members are excluded from the Settlement.

8. The settlement class members were given an opportunity to object to the settlement. Only 1 objection was filed. I am not persuaded by the objection and, thus, I hereby overrule the objection.

9. This Order is binding on all settlement class members.

10. **<u>RELEASE OF CLAIMS AND DISMISSAL OF ACTION</u>**: The class representative, settlement class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the agreement. Pursuant to the release contained in the agreement, the terms of which are incorporated herein, the released claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

11. The action is hereby dismissed with prejudice in all respects.

12. This order is not, and shall not be construed as, an admission by defendant of any liability or wrongdoing in this or in any other proceeding.

13. Without affecting the finality of this final judgment and order of dismissal with prejudice, the court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the action and/or settlement agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**SO ORDERED** at Milwaukee, Wisconsin, this 13th day of February, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge